PEARSON, Judge.
Following a jury verdict for the injured plaintiff, awarding him $100,000, the trial judge entered an order granting the motion of the defendant Department of Transportation for a directed verdict.[1] From the final judgment entered thereon, the injured plaintiff and his wife bring this appeal.
On July 11, 1974, shortly after 1:00 a. m., plaintiff Frank O’Conor was proceeding home from work on his motorcycle. He was proceeding eastward on the east-west portion of the Palmetto Expressway and had crossed the overpass of N.W. 42nd Avenue. At that time and place, a Department of Transportation dump truck, on a trash-cleaning detail, was proceeding eastward ahead of the plaintiff. The truck stopped in the right hand eastbound lane, the same lane in which the plaintiff was approaching, in order to pick up a stick a few feet ahead. Two of the three-man crew were about to get out of the truck when they heard a thump to the rear. The plaintiff had struck the rear of the truck and was thrown from his motorcycle and was knocked unconscious, sustaining various injuries including multiple fractures to both legs and to his shoulder.
As a result of the accident, plaintiff O’Con- or brought suit against the Department of Transportation for damages for the negligent operation of the Department’s truck. The suit was brought pursuant to Section 768.28, Florida Statutes (1973), in the circuit court for Dade County. His wife, Alice O’Conor, joined in the suit claiming derivative damages for the loss of consortium. In its answer, the defendant denied negligence and asserted an affirmative defense of sole contributory negligence or comparative negligence. The plaintiffs’ reply denied the affirmative defenses.
Following a four day trial in which the defendant moved for a directed verdict at the conclusion of the plaintiffs’ case and at the conclusion of all the evidence, with the trial court reserving ruling on both occasions, and following jury instructions on all pertinent issues of negligence, contributory-comparative negligence, legal causation and damages, the jury returned a verdict for the injured plaintiff in the amount of $100,-000 and a verdict for the plaintiff-wife in the amount of “zero” damages.
One day after the verdict, the trial judge entered an order granting the defendant’s motion for directed verdict, setting aside the jury verdict and reciting that the evidence, considered in the light most favorable to the plaintiffs, showed no basis or reasonable inference from which a jury could determine the issues of liability in favor of the plaintiffs. Final judgment was entered in the defendant’s favor, with the defendant being entitled to costs. This appeal followed.
The plaintiff, on this appeal, argues that the expressway was not well lit, that the *86 flashing lights on the truck were inadequate to give proper notice to the plaintiff as he approached on his motorcycle, that the truck should not have been parked in the manner it was (i. e., actually on the expressway instead of on the shoulder), that the truck crew was aware that the rules and regulations of the Department of Transportation would not permit the type of stop made on the night in question, that the reaction time for a motorcycle driver on a high speed expressway would not provide the motorcycle driver with adequate time to avoid the stopped truck, that there was an adequate shoulder to the right side of the expressway on which the truck could have parked safely allowing other users of the expressway a clear passage, that the crew supervisor on the truck instructed the driver not to pull off onto the shoulder of the expressway, and finally, that the plaintiff motorcycle driver was proceeding home normally with his lights on and wearing his helmet and upon approaching the N.W. 42nd Avenue overpass, had no reasonable opportunity to avoid the Department of Transportation’s truck which was stopped in the right, eastbound lane on the downgrade of the overpass.
The Department of Transportation, on the other hand, points out that the night in question was a clear night with an unrestricted view of anywhere from 320 up to 1,000 feet from the crest of the hill to the point of impact, that the truck stopped in the right hand lane of the eastbound portion of the Palmetto Expressway to pick up some debris and that the left hand lane was completely open and clear and there was no other traffic in the vicinity, that the plaintiff motorcycle driver drove into the truck which was illuminated by lights, stripes and reflectors and that the accident could easily have been avoided by aiming into the left hand lane (the truck was equipped with four revolving strobe lights, two red flashing lights, head lights, break lights and a white license tag light), that expert testimony established that the strobe lights were elevated above the top of the truck and would have been visible to a motorcycle driver at a distance of 1,000 feet, that the entire truck would have been visible at a distance of a little over 500 feet, that at a speed of fifty miles per hour the motorcycle driver would first see the strobe lights some fifteen seconds prior to impact, and from the time the driver would be able to see the entire truck he would have adequate time to avoid the truck completely without having to break or slow down.
The defendant further points out that there was evidence in the record that the plaintiff may have been inattentive to his driving in that during the forty hours prior to the collision, he was recently out of jail, had worked two full shifts at his job and had had two doses of methadone drug substitute.
In considering this appeal, we would note that when a directed verdict comes to an appellate court, the record must show that under no reasonable view of the evidence could the plaintiff recover. See Petroleum Carrier Corporation v. Gates, 330 So.2d 751, 752 (Fla. 1st DCA 1976), where the court held: *87 See also Republic National Life Insurance Company v. Valdes, 348 So.2d 566, 569 (Fla. 3d DCA 1977); and cf. Fountainhead Motel, Inc. v. Massey, 336 So.2d 397 (Fla. 3d DCA 1976).
*86 “It is axiomatic that a directed verdict should be entered only where the state of the evidence is such that a jury of reasonable men could not reach a contrary result. Prior to the adoption of the comparative negligence rule by the Florida Supreme Court in Hoffman v. Jones, Fla.1973, 280 So.2d 431, numerous cases had held that the question of contributory negligence was ordinarily a matter for a jury’s determination. (E. g. Seibels, Bruce and Company v. Giddings, Fla.App. 3rd, 1972, 264 So.2d 103). Because of the very nature of the comparative negligence doctrine, situations in which directed verdicts will be appropriate will occur with even less frequency, particularly in cases where the plaintiff’s own negligence is in issue. We do not here express an opinion as to whether a directed verdict should ever be granted where the negligence of both parties is at issue. We do, however, believe that such cases will be extremely rare.”
*87 The determinative question here is whether the facts as recited support the trial judge’s determination that a jury of reasonable men could find that plaintiff’s injuries were caused only by plaintiff’s own negligence in failing to see and avoid the stopped truck, lighted as it was. Questions of proximate cause are ordinarily for the jury. See cases cited at 23 Fla.Jur. Negligence § 133.
In Brightwell v. Beem, 90 So.2d 320 (Fla.1956), the court dealt with a dissimilar case but one in which the trial judge had directed a verdict for the defendant upon the ground that plaintiff’s injuries were proximately caused by her own negligence. In reversing the judgment, the Supreme Court said:
“Again, we are not intending to hold that this conduct on the part of these defendants constituted negligence as a matter of law. We do here intend to hold that under the circumstances related above it was a matter within the province of the jury to determine whether the proximate cause of this girl’s injury was her own negligence or carelessness in diving or whether it was the failure of the defendants below to warn her not to use the particular area of their amusement park for a purpose other than the admittedly intended purpose.”
In McCabe v. Watson, 225 So.2d 346 (Fla. 3d DCA 1969), this court dealt with a directed verdict for the defendant where the defendant had parked his automobile partially upon the driving portion of a street. The court held that the question of the proximate cause of the plaintiff’s injury was for the jury.
We hold that there is evidence in this record upon which a jury could find that the proximate cause of plaintiff’s injury was, at least in part, due to the defendant’s stopping its truck in a driving lane on a high speed highway, at night without sufficient warning to persons legally using the highway. Cf. Chowning v. Pierce, 174 So.2d 42 (Fla. 3d DCA 1965); see also Moyer v. Martin Marietta Corp., 481 F.2d 585 (5th Cir. 1973).
Accordingly, the judgment is reversed and the cause remanded with directions to enter judgment upon the verdict of the jury.
Reversed and remanded.

. The defendant had moved for a directed verdict at the conclusion of the plaintiff’s case and at the conclusion of all the evidence. On both occasions, the trial judge reserved ruling.