409 So.2d 1163 (1982)
Willie LEE, Appellant,
v.
RISK MANAGEMENT, INC., Appellee.
No. 81-519.
District Court of Appeal of Florida, Third District.
February 16, 1982.
*1164 Hawkesworth & Schmick and J. Arthur Hawkesworth, Jr., Miami, for appellant.
Miller, Hodges & Kagan and H. Jack Miller, Miami, for appellee.
Before HUBBART, C.J., and SCHWARTZ and JORGENSON, JJ.
SCHWARTZ, Judge.
The plaintiff Willie Lee appeals from an order which determined the amount of a workers' compensation lien under Section 440.39(3)(a), Fla. Stat. (1979).[1] Lee was injured in an on-the-job accident as a result of which he has been paid and will receive future compensation benefits from his employer's carrier, the appellee Risk Management, Inc. He also sued a negligent third party for the injuries and recovered a jury verdict of $120,000, as reduced from $150,000 because of a finding of 20% comparative negligence. In the order now before us, the trial court similarly reduced the carrier's lien on that judgment to 80% of the benefits  subject to a cap of the plaintiff's net of $57,436.45, representing the total recovery less $62,563.55 in attorney's fees and costs.[2] We affirm.
Addressing the appellant's primary contentions, we first find no error in the *1165 failure to allocate the attorneys' fees and costs of the third party action between the plaintiff and the carrier. In sharp and significant contrast to previous versions of Sec. 440.39(3)(a), which specifically so stated,[3] there is nothing in the present statute which provides for such an apportionment. To the contrary, by amending the apportionment requirements out of existence, see 30 Fla.Jur. Statutes § 142 (1974), and by instead stating only that the lien is to be based upon the amount of the "judgment after attorney's fees and costs ... have been deducted [emphasis supplied]"  in other words, taken off the top as the trial court did below  the legislature has clearly evinced its intention that the burden of these charges is now to be placed on the plaintiff, and conversely that the carrier's reimbursement is not to be diminished by any share of those expenses.[4] In Bloomer v. Liberty Mutual Ins. Co., 445 U.S. 74, 100 S.Ct. 925, 63 L.Ed.2d 215 (1980), the Supreme Court came to the same conclusion under the Longshoremen's and Harbor Workers' Compensation Act, because of statutory language and a legislative history similar to Florida's. With great force and persuasiveness, the appellant claims that the result is unwise and unjust. We do not say because it does not matter if we agree with these views. Only the legislature has authority in this field. It has made its policy decision and that conclusion must and will be followed.
Lee's challenge to the pro rata award of 80% of the benefits is similarly without merit. Assuming arguendo that the trial court may exercise any discretion at all on the matter under the new statute,[5] there has been no showing that it was an *1166 abuse of that discretion to reduce the recovery of benefits by the exact extent to which Lee's full recovery was itself diminished. United States Fidelity & Guaranty Co. v. Harb, 170 So.2d 54, 56 (Fla.3d DCA 1964), and cases cited; see, Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980).
The appellant's remaining contentions have been examined and do not present error.
Affirmed.
NOTES
[1] In all claims or actions at law against a third-party tortfeasor, the employee, or his dependents or those entitled by law to sue in the event he is deceased, shall sue for the employee individually and for the use and benefit of the employer, if a self-insurer, or employer's insurance carrier, in the event compensation benefits are claimed or paid, and such suit may be brought in the name of the employee, or his dependents or those entitled by law to sue in the event he is deceased, as plaintiff or, at the option of such plaintiff, may be brought in the name of such plaintiff and for the use and benefit of the employer or insurance carrier, as the case may be. Upon suit being filed, the employer or the insurance carrier, as the case may be, may file in the suit a notice of payment of compensation and medical benefits to the employee or his dependents, which said notice shall constitute a lien upon any judgment or settlement recovered to the extent that the court may determine to be their pro rata share for compensation and medical benefits paid or to be paid under the provisions of this law. The employer or carrier shall recover from the judgment, after attorney's fees and costs incurred by the employee or dependent in that suit have been deducted, 100 percent of what it has paid and future benefits to be paid, unless the employee or dependent can demonstrate to the court that he did not recover the full value of damages sustained because of comparative negligence or because of limits of insurance coverage and collectibility. The burden of proof will be upon the employee. Such proration shall be made by the judge of the trial court upon application therefor and notice to the adverse party.... [emphasis supplied]
The emphasized portion is an addition to and amendment of the previous statute, Sec. 440.39(3)(a) (1975), which stated in this respect:
The employer or carrier shall recover 50 percent of what it has paid and future benefits to be paid unless the employee or dependent can demonstrate to the court that he did not recover the full value of damages sustained because of comparative negligence or because of limits of insurance coverage and collectibility. [emphasis supplied]
[2] The Court finds, in accord with the Special Jury verdict, the full value of Plaintiff's third party claim against the Defendant herein was in the amount of $150,000.00, reduced by comparative negligence to the amount of $120,000.00, or a reduction of 20% from full value because of comparative negligence.
2. The compensation claim herein is reduced in the same ratio by the factor of comparative negligence, that is to say, reduced by 20%.
3. The total lien is, therefore, 80% of benefits paid by the employer, through its service office, and the same amount as to those to be paid in the future. The attorney's fees and costs incurred by the Plaintiff/employee, are in the amount of $62,563.55, leaving a net recovery by the plaintiff in the amount of $57,436.45. Considering all the evidence presented and argument, the compensation service office will probably be called upon to pay compensation benefits and medical care to the claimant in the future, and therefore, future reimbursement figures would change from time to time in accordance with the continuing payments.
4. Based on the evidence presented at the January 12, 1981 hearing, I find the amount of past medical and disability benefits paid was in the amount of $19,799.18, and consequently the value of the lien as of that date was $15,839.34, which sum the Plaintiff, through his attorney, is ordered to reimburse, directly to Risk Management Services, Inc.
5. Future payments which may be paid are unliquidated. Rather than escrow the monies which are now due the Plaintiff out of his third party recovery, the Court finds the most equitable schedule for distribution of future reimbursement payments would be to reduce any future workers' compensation benefits which may be paid by Risk Management Services, Inc., to, or on behalf of the Plaintiff, on account of his injuries by 80% of each such payment. And it is therefore ordered accordingly. The alternative would require the retention of the net proceeds of the Plaintiff in an escrow account for reimbursement of the lien as compensation benefits are made in the future, and at best such determination would be speculative.
6. The Lien herein is limited by the net proceeds of the Plaintiff in the third party action and can never exceed $57,436.45. Should Risk Management Services, Inc., be required by the Workers' Compensation Act to pay future benefits to the extent that their lien becomes equal to the net proceeds of the Plaintiff, there is to be no further reduction or offset.
[3] See Sec. 440.39(3), Fla. Stat. (1953) (lien subject to carrier's pro rata share of plaintiff's "court costs ... including attorney's fees"); Sec. 440.39(3)(a), Fla. Stat. (1961) (same).
[4] We note also that, in discussing the previous "50% statute" in Ramar-Dooley Construction Co. v. Norris, 341 So.2d 546 (Fla.2d DCA 1977), the court stated at p. 548, n. 1:

The new statute apparently envisions an employee will be able to sustain his attorney's fee and costs incurred in an action against a third party tortfeasor from the 50% of the proceeds he is permitted to retain.
In this light, the increase of the carrier's entitlement to 100% can be regarded only as a requirement that the fees and costs be taken from the amounts recovered by the employee  as for pain and suffering  in excess of those for which also he recovered compensation benefits.
[5] We need and do not determine whether the trial court is precluded from reducing a lien beyond the extent that full recovery is limited by uncollectibility or comparative negligence or whether, if either is shown to any degree, "all bets are off" and the court may then make an "equitable distribution" of the proceeds. The fact that the latter was the rule under the "50% statute," Fireman's Ins. Co. of Newark v. Phillips, 368 So.2d 98 (Fla.3d DCA 1979); National Ben Franklin Ins. Co. v. Hall, 340 So.2d 1269 (Fla. 4th DCA 1976), may not be determinative since the present provision is significantly different both in letter and spirit.