427 So.2d 236 (1983)
SENTRY INSURANCE COMPANY, Appellant,
v.
William KEEFE and Geraldine Keefe, His Wife, Appellees.
No. 82-1340.
District Court of Appeal of Florida, Third District.
February 15, 1983.
Rehearing Denied March 21, 1983.
Miller, Hodges & Kagan and H. Jack Miller and Phyllis A. Sigal, Miami, for appellant.
Eliot R. Weitzman, Miami, for appellees.
Before SCHWARTZ, C.J., and DANIEL S. PEARSON and FERGUSON, JJ.
SCHWARTZ, Chief Judge.
In Lee v. Risk Management, Inc., 409 So.2d 1163, 1165, n. 5 (Fla. 3d DCA 1982), we specifically declined to decide whether the trial court is mandatorily precluded by the new "100%" version of Sec. 440.39(3)(a), Fla. Stat. (1981) from reducing a compensation carrier's third-party lien beyond the extent that full recovery is limited by uncollectibility or comparative negligence. On the authority of and for the reasons stated in Risk Management Services, Inc. v. Scott, 414 So.2d 220 (Fla. 1st DCA 1982), decided shortly after Lee, we now hold that it is.
An application of that conclusion results in the reversal of the order under *237 review. Although some $37,000 in compensation benefits had already been paid, the trial court awarded the WC carrier $802.57, or less than three per cent[1] of that amount from the plaintiff's $80,000 third party-settlement. On competent evidence, however, the court found that the full value of the plaintiff's damages was $1,000,000. Since, so far as this record demonstrates, the reduction in his recovery was attributable entirely to his comparative negligence,[2] it follows that the carrier is entitled to recover eight per cent of past and future[3] benefits, subject to a cap of the net proceeds received by the plaintiff from the settlement. Lee v. Risk Management, Inc., supra. The order under review is therefore reversed and the cause remanded for the entry of an order in accordance with this opinion.[4]
Reversed and remanded with directions.
NOTES
[1] It appears that this figure resulted from applying (with an arithmetical mistake) the formula adopted in National Ben Franklin Ins. Co. v. Hall, 340 So.2d 1269 (Fla. 4th DCA 1976). Because, however, it requires that the carrier share an "equitable" portion of the plaintiff's attorneys' fees and costs, National Ben Franklin cannot be employed under the new statute, which forbids that result. Lee v. Risk Management, Inc., supra; Risk Management Services, Inc. v. Scott, supra. (Since the operative dates are not stated in the opinion, it is uncertain whether Orange County v. Sealy, 412 So.2d 25 (Fla. 5th DCA 1982) is contrary to this conclusion.)
[2] Although this opinion eliminates one issue left open by Lee, we caution that still another, perhaps more difficult one, is not before us and therefore is yet undecided. It is whether the court may make an equitable distribution of a settlement which is reduced below full value, not only or entirely because of uncollectibility or comparative negligence, as set out in the statute, but either wholly or partially because the third-party's liability is doubtful  which is one of the most common reasons that cases are settled in the first place. Thus, we do not determine whether a plaintiff with a $1,000,000 recovery must remit 100% of the compensation benefits (subject to the cap) of a settlement of, say, $100,000 which was reduced to this amount only because of uncertainty of liability; or 80% of the benefits if it is found that he was only 20% comparatively negligent and the rest of the discount is attributable to that factor.
[3] The carrier's future entitlement should be assured by requiring, subject to the cap, that eight per cent of future compensation payments be withheld. This was the innovative and correct method adopted by the trial judge in Lee. 409 So.2d at 1164-65, n. 2.
[4] Ibid.