432 So.2d 702 (1983)
UNITED PARCEL SERVICES and Liberty Mutual Insurance Company, Appellants,
v.
Dolores CARMADELLA, Appellee.
Nos. 81-2042, 81-2043.
District Court of Appeal of Florida, Third District.
June 7, 1983.
*703 Miller, Hodges & Kagan, Jack Miller and H. George Kagan, Miami, for appellants.
Haddad & Josephs and Gilbert Haddad, Miami, for appellee.
Before BARKDULL, DANIEL S. PEARSON and FERGUSON, JJ.
FERGUSON, Judge.
This appeal is from an order denying a workers' compensation carrier's claim, pursuant to Section 440.39(3)(a), Florida Statutes (1981), for a pro rata distribution from a settlement obtained by the injured employee against a third-party tortfeasor.
Dolores Carmadella, the employee, was making deliveries for UNITED PARCEL SERVICES. She parked her van in the right driving lane of a four-lane street rather than in a parking area to her immediate right, then stepped from the driver's side of the van into the lane of traffic to the left of her van and was struck by an automobile operated by Cohen. Carmadella, a young woman, sustained a spinal cord injury resulting in permanent quadriplegia. Carmadella's action against Cohen and her insurer was settled for the policy limit of $350,000.
The workers' compensation carrier had paid out over $400,000 in benefits when the case came on for hearing. Other findings made by the trial court on the employee's Motion to Extinguish Lien and the carrier's Motion to Assess Lien are: (1) plaintiff's damages are between $4,000,000 and $8,000,000, (2) the estimated amount of total benefits to be paid by the carrier will be $2,000,000, (3) recovery from a third-party tortfeasor is $350,000, the policy limits, and Carmadella has exercised reasonable and diligent efforts as to further collection against the defendants, (4) Carmadella was the sole proximate cause of the subject accident (100% at fault), (5) "the court has considered whether any formula should be applied to these facts and after weighing all of the evidence exercises its discretion by granting the motion to extinguish and Liberty Mutual Insurance Company shall take nothing on its lien."
Appellants contend that (1) in determining the compensation carrier's statutory lien with respect to an accident occurring on October 31, 1979, equitable considerations do not apply at all, much less carry the potential for defeating said lien completely, and (2) the practical effect of construing the $350,000 settlement as a gratuity is to frustrate legislative intent evident from successive amendments in recent years to Section 440.39(3)(a), Florida Statutes (1981). Under the newest and controlling amendment to the statute, appellants argue, the carrier's notice of lien constitutes a lien upon any recovery by the worker in a third party action, subject only to a pro rata reduction to the extent that the third-party recovery is less than full damages owing to comparative negligence, limits of coverage and collectibility.
Appellee counters that (1) the new act does not impose upon the trial court a rigid mathematical formula, and (2) the court is left with some discretion to reduce a lien beyond full recovery with consideration for factors such as pain and suffering, which factors are ignored in computing the value of a workers' compensation claim.
In Lee v. Risk Management, Inc., 409 So.2d 1163 (Fla. 3d DCA 1982), we held that, in a proceeding to determine the amount of a workers' compensation lien, it was not an abuse of discretion to reduce the compensation carrier's recovery of benefits by the exact extent to which the injured worker's third-party recovery was itself diminished owing to comparative negligence. We specifically declined to decide whether the court is precluded from reducing a workers' compensation carrier's third-party lien beyond the extent that full recovery is limited by uncollectibility or comparative negligence. 409 So.2d at 1165 n. 5.
*704 In Sentry Insurance Co. v. Keefe, 427 So.2d 236 (Fla. 3d DCA 1983), we addressed one of the questions left unanswered in Lee v. Risk Management, Inc., and held that a "trial court is mandatorily precluded by the new `100%' version of Sec. 440.39(3)(a), Fla. Stat. (1981) from reducing a compensation carrier's third-party lien beyond the extent that full recovery is limited by uncollectibility or comparative negligence." 427 So.2d at 236. We again expressly left unanswered a remaining question which, on the facts, is presented here, i.e., whether a trial court may reduce a workers' compensation carrier's lien below an amount equal to a pro rata share of what the net third-party recovery is to the worker's full damages, because the third-party's liability is doubtful. 427 So.2d at 237 n. 2. We hold that it may not and reverse.
Appellee's argument is appealing but, as appellants contend, the present statute, being conspicuously void of equitable notions as compared to its predecessors, is, to us, a clearer statement of legislative policy. Lee v. Risk Management, Inc., 409 So.2d at 1165 n. 5. We, of course, would reject as unlikely, the suggestion that the $350,000 settlement was a gratuity. No other finding of the court constitutes an overriding reason for not strictly applying the statute.
Reversed and remanded with directions to determine the carrier's pro rata share of the third-party recovery in accordance with this opinion.