436 So.2d 1091 (1983)
LIBERTY MUTUAL INSURANCE COMPANY, Appellant,
v.
Hugo RODRIGUEZ, Appellee.
No. 83-38.
District Court of Appeal of Florida, Third District.
September 6, 1983.
Miller, Hodges & Kagan and Jack Miller, Miami, for appellant.
*1092 Horton, Perse & Ginsberg and Edward Perse, James Schmick, Miami, for appellee.
Before SCHWARTZ, C.J., and NESBITT and BASKIN, JJ.
PER CURIAM.
The insurer appeals from the trial court's determination of the subrogation lien awarded pursuant to Section 440.39, Florida Statutes (1981).
The law is now settled in this jurisdiction that the trial court is precluded from reducing a compensation carrier's third party lien beyond the extent that full recovery is limited by uncollectibility or comparative negligence. Sentry Insurance Co. v. Keefe, 427 So.2d 236 (Fla. 3d DCA 1983); see also United Parcel Services v. Carmadella, 432 So.2d 702 (Fla. 3d DCA 1983). In the present case, the trial judge's personal knowledge as to the extent of the comparative negligence, standing alone, is inadequate to provide a sufficient record from which an aggrieved party may seek appellate review. For this reason, in a lien determination, if a formal hearing is not conducted, the parties should, at a minimum, proffer evidence (by consent), of comparative negligence or noncollectibility of the judgment. Because we are unable to discern whether the present award was consistent with the rule enunciated in Sentry Insurance Co. v. Keefe, supra, the order appealed from is reversed and remanded for further proceedings.