454 So.2d 63 (1984)
James C. WHITELY, Jr., Appellant,
v.
UNITED STATES FIDELITY AND GUARANTY COMPANY, Lamar Advertising Company, (Pensacola), Inc., Jimmie Lee Lindt, and Auto-Owners Insurance Company, Appellees.
No. AW-379.
District Court of Appeal of Florida, First District.
August 14, 1984.
Joseph L. Hammons, of Hammons, Roark & Whittaker, P.A., Pensacola, for appellant.
*64 L. Kathleen Horton-Brown, of Partington, Hart, Hart & Johnson, Pensacola, for appellee Auto-Owners Ins. Co.
WIGGINTON, Judge.
Appellant appeals the trial court's order granting Auto-Owners Insurance Company's motion to assess, pursuant to section 440.39(3)(a), Florida Statutes (1979), a workers' compensation lien on the net proceeds to appellant from settlement of a third party tort-feasor action filed by appellant and his wife. We affirm.
In the course of his employment, on March 27, 1981, appellant was injured in an automobile accident and thereafter was provided workers' compensation benefits by Auto-Owners, appellant's employer's workers' compensation insurer. Appellant sued a third party tort-feasor and settled the case for substantially less than the full amount of his damages due to the questionable liability of the third party. Pursuant to section 440.39(3)(a), Florida Statutes (1979), the trial judge entered an order requiring payment, after deductions for attorney's fees and costs, to Auto-Owners of 100 percent of the workers' compensation benefits, past and future, paid by Auto-Owners to appellant up to a maximum of appellant's net recovery from the third party tort-feasor.
The applicable statute in this case, section 440.39(3)(a), Florida Statutes (1979) provides, in pertinent part:
Upon [third party tort-feasor] suit being filed, the employer or the insurance carrier, as the case may be, may file in the suit a notice of payment of compensation and medical benefits to the employee or his dependents which said notice shall constitute a lien upon any judgment or settlement recovered to the extent that the court may determine to be their pro rata share for compensation and medical benefits paid or to be paid under the provisions of this law. The employer or carrier shall recover from the judgment, after attorney's fees and costs incurred by the employee or dependent in that suit have been deducted, 100% of what it has paid and future benefits to be paid, unless the employee or dependent can demonstrate to the court that he did not recover the full value of damages sustained because of comparative negligence or because of limits of insurance coverage and collectibility. The burden of proof will be upon the employee. (Emphasis supplied.)
Appellant contends that the trial court's assessment of a 100 percent lien in favor of Auto-Owners was an improper application of section 440.39(3)(a) since appellant recovered substantially less than the full value of his damages because of questionable liability on the part of the alleged tort-feasor. Appellant urges that Auto-Owners should be entitled to only a pro rata share of the settlement proceeds in this instance. However, the wording of the statute clearly indicates that the carrier is entitled to 100 percent of the benefits it has paid and future benefits it will pay "unless the employee or dependent can demonstrate to the court that he did not recover the full value of damages sustained because of comparative negligence or because of limits of insurance coverage and collectibility." The questions of comparative negligence and limits of insurance coverage and collectibility are not at issue in this case. We decline to read into the statute an additional exception when damages are limited due to "questionable liability" of the tort-feasor. Compare United Parcel Services v. Carmadella, 432 So.2d 702 (Fla. 3d DCA 1983). Thus, the trial court was correct in assessing a 100 percent lien under the statute.
Appellant also urges that the trial court erred in requiring him to bear the cost of all attorney's fees in the portion of the settlement proceeds retained by him rather than requiring the carrier to bear a proportionate share of those fees based on its lien recovery. However, 440.39(3)(a), Florida Statutes (1979), specifically provides that the carrier shall recover from the judgment, "after attorney's fees and costs incurred by the employee or dependent in that suit have been deducted," 100 *65 percent of the workers' compensation payments it has made. In contrast to prior and subsequent statutes, the 1979 statute makes no provision for apportionment of attorney's fees. Under that statute, to diminish the carrier's reimbursement by any share of the attorney's fees would be error. Risk Management Services, Inc. v. Scott, 414 So.2d 220 (Fla. 1st DCA 1982); Lee v. Risk Management, Inc., 409 So.2d 1163 (Fla. 3d DCA 1982).
Appellant further contends that application in the instant case of section 440.39(3)(a), Florida Statutes (1979), is unconstitutional in that it violates the equal protection and due process clauses of the United States and Florida Constitutions and article I, section 2 of the Florida Constitution providing for equal access to the courts. We find no merit in appellant's position and are not persuaded of the statute's unconstitutionality by the arguments presented. The constitutionality of the 1977 statute, which in pertinent part is identical to the 1979 statute, has been considered on similar grounds in State, Department of Health v. Culmer, 402 So.2d 1273 (Fla. 3d DCA 1981), where that court also refused to declare the statute unconstitutional.
AFFIRMED.
SMITH, L. and WENTWORTH, JJ., concur.