459 So.2d 339 (1984)
COOPER Transportation, Inc., and Transport Insurance Company, Appellants/Cross-Appellees
v.
James Mincey, Appellee/Cross-Appellant.
No. 83-2216.
District Court of Appeal of Florida, Third District.
October 23, 1984.
Rehearing Denied December 17, 1984.
*340 Miller, Hodges & Kagan and H. Jack Miller, Miami, for appellants/cross-appellees.
Keyfetz, Poses & Halpern and L. Barry Keyfetz, Miami, for appellee/cross-appellant.
Before SCHWARTZ, C.J., and HENDRY and FERGUSON, JJ.
HENDRY, Judge.
Transport Insurance Co., workers' compensation carrier, and Cooper Transportation, Inc., employer, appeal the final judgment of the trial court which determined the amount of the carrier's compensation lien, under section 440.39(3), Florida Statutes (1981). The lien constituted a pro rata distribution from a settlement obtained by the injured employee against a third party tortfeasor. Mincey cross-appeals that part of the judgment which allowed the claim of lien to be asserted.
Appellee Mincey was an owner-operator trucker, under contract with Cooper Transportation, Inc. when he was injured while making a delivery to J.C. Penney. Mincey's third party action instituted against J.C. Penney resulted in a jury verdict in the amount of $750,000, with a finding that Mincey was five percent negligent. This award included a $100,000 award for his wife's derivative claim. Upon J.C. Penney's motion for remittitur, the trial court reduced Mincey's award to $478,947.36, or, with the inclusion of the five percent, to $455,000. The order of remittitur stated that the verdict was indicative of prejudice and passion caused by statements made by Mincey's counsel, and alternatively, entered the reduced judgment or ordered a new trial on the issue of damages. The parties, uncertain of the questions of liability, subsequently settled for $527,921.19, *341 which settlement included the wife's claim. From that settlement, Mincey's net recovery, after attorneys' fees and costs, was $304,846.56.
Cooper Transportation, Inc. and Transport Insurance Co. filed a petition for distribution of the workers' compensation lien pursuant to section 440.39(3)(a), Florida Statutes (1981). The trial court, during the subsequent hearing, announced that it felt that Mincey was 40 percent comparatively negligent and that it had accordingly reduced the jury verdict. The court then entered the now appealed from order which declared that the insurer would be reimbursed 60 percent of all benefits paid and could withhold 60 percent of all future benefits to be paid. It was stipulated that compensation in the amount of $28,391.19 had been paid at the time of the hearing. Additionally, the final judgment denied Mincey's motion to strike and to deny claim of lien based upon a violation of section 440.21, Florida Statutes (1981).[1] It further determined the motion to be irrelevant because Mincey had been provided with workers' compensation benefits by Transport Insurance Co. and would be provided with further such benefits in the future.
The contentions of the appellants are (1) that the trial court did not have the authority to reduce the compensation carrier's lien beyond the extent that full recovery was limited by comparative negligence and (2) that the trial court did not have the authority to substitute its opinion of the plaintiff's negligence for that determined by the jury.
We have consistently held that a trial court cannot reduce a workers' compensation lien beyond the extent to which the injured worker demonstrates to the court that he did not recover the full damages sustained because of his comparative negligence or the limits of insurance coverage and collectibility. In Lee v. Risk Management, Inc., 409 So.2d 1163 (Fla. 3d DCA 1982), we held that it was not an abuse of discretion to reduce the compensation carrier's recovery of benefits by the exact extent to which the injured worker's third party recovery was itself diminished owing to comparative negligence. But see State, Division of Risk Management v. McDonald, 436 So.2d 1134 (Fla. 5th DCA 1983). In Sentry Insurance Co. v. Keefe, 427 So.2d 236 (Fla. 3d DCA 1983), we held that a "trial court is mandatorily precluded by the new `100%' version of Sec. 440.39(3)(a), Fla. Stat. (1981) from reducing a compensation carrier's third-party lien beyond the extent that full recovery is limited by uncollectibility or comparative negligence." Id. at 236. In United Parcel Services v. Carmadella, 432 So.2d 702 (Fla. 3d DCA), rev. denied, 441 So.2d 631 (Fla. 1983), we addressed the remaining unanswered question and held that "a trial court may [not] reduce a workers' compensation carrier's lien below an amount equal to a pro rata share of what the net third-party recovery is to the worker's full damages, because the third-party's liability is doubtful." Id. at 704 (citation omitted).
Section 440.39(3)(a), Florida Statutes (1981), sets forth in relevant part the exact method by which a workers' compensation lien shall be calculated.
Upon suit being filed, the employer or the insurance carrier, as the case may be, may file in the suit a notice of payment of compensation and medical benefits to the employee or his dependents, which said notice shall constitute a lien upon any judgment or settlement recovered to the extent that the court may determine to be their pro rata share for compensation and medical benefits paid or to be paid under the provisions of this law. The employer or carrier shall recover from the judgment, after attorney's fees and costs incurred by the employee or *342 dependent in that suit have been deducted, 100 percent of what it has paid and future benefits to be paid, unless the employee or dependent can demonstrate to the court that he did not recover the full value of damages sustained because of comparative negligence or because of limits of insurance coverage and collectibility.
The statute is clear that a workers' compensation carrier shall recover from the judgment 100 percent of past and future benefits paid or to be paid, unless the employee demonstrates that he did not recover the full value of his damages because of his own negligence or collectibility. In the instant case, Transport Insurance Co. is entitled to recover from the judgment obtained by Mincey from J.C. Penney, after attorneys' fees and costs incurred in obtaining the settlement have been deducted, 100 percent of what it has paid, reduced by Mincey's comparative negligence. Aetna Insurance Co. v. Norman, 444 So.2d 1124 (Fla. 3d DCA), rev. granted, Case No. 64,990 (Fla. June 18, 1984).
Numerically, the equation is as follows:
$28,391.19 (100% of compensation paid by Transport) X 95% (100% - 5% [Mincey's comparative negligence as found by the jury]) = $26,971.63 and 95% of all future benefits to be paid.
Addressing appellant's second contention, a trial judge may not use the device of a new trial order conditioned on a remittitur to increase a jury's determination of the percentage of responsibility for an injury that is attributable to a plaintiff's contributory negligence. Akermanis v. Sea-land Service, Inc., 688 F.2d 898 (2d Cir.1982). We approved, in St. Pierre v. Public Gas Co., 423 So.2d 949 (Fla. 3d DCA 1982), this rationale which prevents adjustment in a jury finding because the question of apportioning the negligence between the plaintiff and defendant is one that is peculiarly within the province of the jury. It is not subject to adjustment by remittitur. Id. at 951. Even though the trial court in this action reduced the award because of some alleged improper influence on the jury and properly gave the option of a new trial on the issue of damages only, the trial court in the subsequent lien determination hearing took the unauthorized action of extending the jury's findings. In view of the settlement and the inadequate record, however, we are unable to ascertain to what factors the reduction in Mincey's recovery was attributable. Since the compensation carrier's lien is reduced by the pro rata amount that Mincey demonstrated he did not receive his full damages, the 5% jury finding, it is unnecessary for us to determine the exact reasons for the settlement.
Having determined that Transport Insurance Co. should have received 95 percent of benefits paid and 95 percent of all benefits to be paid, we reject Mincey's contention on cross-appeal that it was error to award any equitable distribution to Transport Insurance Co. § 440.39(2), Fla. Stat. (1981). We also find no basis for Mincey's further contention that the trial court erred by failing to require the employer and workers' compensation carrier to pay a pro rata share of costs and attorneys' fees in obtaining the recovery. As conceded by Mincey in oral argument, Chapter 440, Florida Statutes (1981), is the controlling statute for this action. Nowhere in section 440.39(3)(a), Florida Statutes (1981), is it required that attorneys' fees and costs be apportioned between the employee and the insurer. Risk Management Services, Inc. v. Scott, supra; Lee v. Risk Management, Inc., supra. Cf. § 440.39(3)(a), Fla. Stat. (1983).[2]
The final judgment under review is affirmed, as modified in accordance with this opinion, with directions to enter judgment for Transport Insurance Co. and Cooper Transportation, Inc. in the amount of $26,971.63 *343 and to order that the obligation of Transport Insurance Company regarding Mincey's future workers' compensation benefits shall be 5 percent of further benefits for which they are obligated.
Affirmed as modified, with directions.
SCHWARTZ, Chief Judge (specially concurring).
This court has made it clear that, under the applicable version of Sec. 440.39(3)(a), Fla. Stat. (1981),[1] a compensation lien may be reduced if the claimant recovers less than the full value of his damages only if this occurs as a result of partial uncollectability, which does not apply here, or comparative negligence, which does. United Parcel Services v. Carmadella, 432 So.2d 702 (Fla. 3d DCA 1982), rev. denied, 441 So.2d 631 (Fla. 1983); Sentry Ins. Co. v. Keefe, 427 So.2d 236 (Fla. 3d DCA 1983). Thus, the supposed "fact" that the settlement was 70% of the "value of the case," as measured by the verdict, is irrelevant unless any deduction is attributable to comparative negligence. Since there is no credible indication that such a deduction was made by the parties in reaching the settlement  as to which the statute places the "burden of proof ... upon the employee"  and the court correctly concludes that the trial judge's determination of 40% comparative negligence is entitled to no weight, the only finding of comparative negligence which remains is the five per cent assessment made by the jury. Even beyond that, it must be recognized that the case was simply settled pending an appeal, a new trial or both, so that the $750,000 jury verdict, which had been set aside, was not directly pertinent to the amount of the actual recovery. Moreover, the new trial order determined that even that amount was excessive and therefore represented more than the full value of the plaintiff's case. Hence, there is no basis for giving the $750,000 figure any legal substance. For these reasons, I agree with the court's determination of the compensation lien issue.
While I do not concur with the court that the cross-appeal has been mooted, I would reject it on the merits on the ground that an employee like Mincey who claims and accepts compensation benefits is precluded by Sec. 440.39(2), Fla. Stat. (1981) from asserting his present contention that the carrier is not entitled to a lien on his third-party recovery because of an alleged violation of Sec. 440.21, Fla. Stat. (1981).
NOTES
[1] Section 440.21 states, in relevant part:

(1) No agreement by an employee to pay any portion of premium paid by his employer to a carrier or to contribute to a benefit fund or department maintained by such employer for the purpose of providing compensation or medical services and supplies as required by this chapter shall be valid, and any employer who makes a deduction for such purpose from the pay of any employee entitled to the benefits of this chapter shall be guilty of a misdemeanor of the second degree, punishable as provided in s. 775.083.
[2] Section 440.39(3)(a), Florida Statutes (1983), provides in relevant part, as follows:

Upon suit being filed, the employer or the insurance carrier, as the case may be, may file in the suit a notice of payment of compensation and medical benefits to the employee or his dependents, which notice shall constitute a lien upon any judgment or settlement recovered to the extent that the court may determine to be their pro rata share for compensation and medical benefits paid or to be paid under the provisions of this law, less their pro rata share of all court costs expended by the plaintiff in the prosecution of the suit including reasonable attorney's fees for the plaintiff's attorney. In determining the employer's or carrier's pro rata share of those costs and attorney's fees, the employer or carrier shall have deducted from its recovery a percentage amount equal to the percentage of the judgment which is for costs and attorney's fees. Subject to this deduction, the employer or carrier shall recover from the judgment, after costs and attorney's fees incurred by the employee or dependent in that suit have been deducted, 100 percent of what it has paid and future benefits to be paid, unless the employee or dependent can demonstrate to the court that he did not recover the full value of damages sustained because of comparative negligence or because of limits of insurance coverage and collectibility. (emphasis supplied.)
[1] As amended by Chapter 83-305, Sec. 15, Laws of Florida, the statute now provides for the apportionment of the employee's attorney's fees and costs, contrary to our holdings in Sentry Ins. Co. v. Keefe, supra, and Lee v. Risk Management, Inc., 409 So.2d 1163 (Fla. 3d DCA 1982).