NIMMONS, Judge.
Appellant, City of Tallahassee, appeals from a final order of the trial court vacating and dismissing appellant’s workers’ compensation lien on settlement funds recovered by appellee, Aron Chambliss. We reverse.
Chambliss was an employee of the City of Tallahassee when he was injured in a compensable accident on October 6, 1980. He was a passenger in a garbage collection truck operated by a City employee that overturned in a traffic accident. As a result of his injuries, Chambliss was left a quadraplegic. The City paid approximately $230,000 in medical and workers’ compensation benefits as of April 3, 1984, the date of the hearing in this matter, and established a reserve of approximately $400,000 for future benefits.
Appellees filed a complaint in circuit court seeking damages against several defendants involved in the manufacture, installation and sale of the garbage collection vehicle, contending that the vehicle was defective and that the defendants were negligent in allowing the defects to exist. The complaint included a derivative claim by Chambliss’ wife, appellee Lelia Cham-bliss, for loss of consortium. Pursuant to § 440.39(3)(a), Florida Statutes (1979),[1] the City of Tallahassee filed a notice of payment of compensation and medical benefits and claimed a lien upon any funds that appellees might recover from the alleged third-party tortfeasors. One of the defendants, Kinnebrew Motors, Inc., settled with appellees prior to trial for $90,000. Kinne-brew thereafter was dropped from the suit as a named defendant. During the trial, appellees entered into a “high-low” agreement with another defendant, Automated Refuse Collection Service, whereby appel-lees would receive $200,000 regardless of the jury verdict and Automated’s total liability would be limited to $500,000. The jury subsequently returned a verdict of no liability against the defendants, including Automated.
After trial, appellees filed in the trial court a motion to determine the amount of the City’s lien on the $290,000 received from the two settlements. At the same *45 time, appellees filed a motion to determine a reasonable consortium award from the settlement funds. Appellees assert, as they did in the lower court, that the jury’s no-liability verdict meant that there was no third-party tortfeasor and, therefore, the provisions of § 440.39 were not applicable. In the alternative, appellees urge that if the City were entitled to some portion of the $290,000 settlement funds, the amount subject to the lien should be determined after deductions for attorney’s fees, costs and the portions attributable to pain and suffering and the consortium claim. Counsel for the City agreed at the lower court hearing that the amount attributable to the consortium claim should be deducted before the lien was paid but otherwise argued that the lien was subject to reduction only for the statutory factors of comparative negligence or limits of insurance coverage and collectibility as provided in § 440.-39(3)(a). Neither party contended that comparative negligence or limits of insurance coverage and collectibility were issues in this case.
The trial court agreed with appellees’ initial argument and entered an order vacating and dismissing the City’s lien. Relying upon a footnote in Sentry Insurance Company v. Keefe, 427 So.2d 236 (Fla. 3rd DCA 1983), the trial court determined that it had discretion to make an equitable distribution of a settlement reduced below full value not only because of comparative negligence or limits of insurance coverage and collectibility, but either wholly or partially because the third party’s liability is doubtful or nonexistent. Sentry left open the question of whether a court could reduce a workers’ compensation lien because of doubtful liability on the part of an alleged third-party tortfeasor. Id. at 237, footnote 2.
The question left unanswered in Sentry subsequently was answered in the negative in United Parcel Services v. Carmadella, 432 So.2d 702 (Fla. 3rd DCA 1983). The trial court in Carmadella denied the workers’ compensation insurance carrier’s lien on settlement funds based upon a finding that the employee was the sole proximate cause of the accident resulting in her injuries. The Third District reversed, holding that where an alleged third-party tort-feasor has been found not liable, but has reached a monetary settlement with an injured employee, the employer or carrier is entitled to enforce its lien subject only to reduction for the statutory factors of comparative negligence or limits of coverage and collectibility, the court noting that the statute was “conspicuously void of equitable notions.” Id. at 704.
We are in accord with the reasoning expressed in Carmadella and recent cases decided by the Third District. See Cooper Transportation, Inc. v. Mincey, 459 So.2d 339 (Fla. 3rd DCA 1984); Aetna Insurance Co. v. Norman, 444 So.2d 1124 (Fla. 3rd DCA 1984), reversed in part on unrelated issue, Aetna Insurance Co. v. Norman, 468 So.2d 226 (Fla.1985); Liberty Mutual Insurance Co. v. Rodriguez, 436 So.2d 1091 (Fla. 3rd DCA 1983). We find further support for our holding in this court’s decision in Whitely v. United States Fidelity and Guaranty Company, 454 So.2d 63 (Fla. 1st DCA 1984), in which we declined to read into § 440.39(3)(a) an additional exception for the situation where an injured employee’s damages are limited due to “questionable liability” of the alleged third-party tortfeasor.
The City is entitled to recover from the $290,000 settlement, after attorney’s fees and costs have been deducted, 100% of the amount it has paid and will pay in future benefits, up to the amount of appellees’ net recovery. There is no provision in the statute allowing for an offset or reduction for the value of Mr. Chambliss’ pain and suffering or for the value of Mrs. Chambliss’ derivative consortium claim. Aetna Insurance Co. v. Norman, supra. However, as previously noted, the parties hereto agreed in the lower court that the amount attributable to the consortium claim should be deducted along with attorney’s fees and costs. Because of the agreement below, the City is precluded from arguing a contrary position in this court. Therefore, on remand, the trial court should determine *46 what percentage of the settlement is attributable to Mrs. Chambliss’ derivative claim and deduct that amount before the lien attaches to the remaining funds.
Reversed and Remanded for further proceedings consistent with this opinion.
MILLS, J., and PEARSON, TILLMAN, (Ret.) Associate Judge, concur.

. Section 440.39(3)(a), Florida Statutes (1979), provides:
(3)(a) In all claims or actions at law against a third-party tortfeasor, the employee, or his dependents or those entitled by law to sue in the event he is deceased, shall sue for the employee individually and for the use and benefit of the employer, if a self-insurer, or employer’s insurance carrier, in the event compensation benefits are claimed or paid, and such suit may be brought in the name of the employee, or his dependents or those entitled by law to sue in the event he is deceased, as plaintiff or, at the option of such plaintiff, may be brought in the name of such plaintiff and for the use and benefit of the employer or insurance carrier, as the case may be. Upon suit being filed, the employer or the insurance carrier, as the case may be, may file in the suit a notice of payment of compensation and medical benefits to the employee or his dependents, which said notice shall constitute a lien upon any judgment or settlement recovered to the extent that the court may determine to be their pro rata share for compensation and medical benefits paid or to be paid under the provisions of this law. The employer or carrier shall recover from the judgment, after attorney's fees and costs incurred by the employee or dependent in that suit have been deducted, 100 percent of what it has paid and future benefits to be paid, unless the employee or dependent can demonstrate to the court that he did not recover the full value of damages sustained because of comparative negligence or because of limits of insurance coverage and collec-tibility. The burden of proof will be upon the employee. Such proration shall be made by the judge of the trial court upon application therefor and notice to the adverse party. Notice of suit being filed shall be served upon the employer and compensation carrier and upon all parties to the suit or their attorneys of record by the employer and compensation carrier. (Emphasis supplied.)