NESBITT, Judge.
This is an appeal from a final order granting distribution on a worker’s compensation lien. We reverse.
The employee sustained a compensable injury to his leg on July 24, 1980, while employed by Winn-Dixie Stores, Inc. (Winn-Dixie). Approximately three weeks later, while returning from a medical examination related to the injury, the employee sustained a second compensable injury to his leg as the result of an automobile accident. The employee’s claim against the alleged tortfeasor involved in the accident was ultimately settled for $75,000. Winn-Dixie, a self-insurer, filed a notice of lien seeking reimbursement of $27,964.05, representing the amount of benefits paid to the employee subsequent to the second injury.[1] See § 440.39(3)(a), Fla.Stat. (1979). Following a hearing, the trial court concluded that Winn-Dixie should recover $5,000 on its lien and entered a final order to that effect. This appeal followed.
The controlling statute provides that the employer shall recover:
100 percent of what it has paid and future benefits to be paid,[2] unless the employee ... can demonstrate to the court that he did not recover the full value of damages sustained because of comparative negligence or because of limits of insurance coverage and collecti-bility. The burden of proof will be upon the employee.
§ 440.39(3)(a). This court has previously held that the trial court is precluded from reducing a compensation carrier’s lien arising under section 440.39(3)(a) beyond the extent that 100% recovery is limited by uncollectibility or comparative negligence. Liberty Mutual Insurance Co. v. Rodriguez, 436 So.2d 1091 (Fla. 3d DCA 1983). See also United Parcel Services v. Carmadella, 432 So.2d 702 (Fla.3d DCA), review denied, 441 So.2d 631 (Fla.1983); Sentry Insurance Co. v. Keefe, 427 So.2d 236 (Fla. 3d DCA 1983).
Nevertheless, the employee argues that the trial court properly reduced Winn-Dix-ie’s lien because Winn-Dixie failed to establish that the compensation benefits paid were paid due to the second injury rather *173 than the first injury. In essence, the employee’s argument is that he sustained no damages in the automobile accident, thus making the $75,000 settlement a gratuity,[3] and, therefore, all the benefits paid were paid as a result of the first injury, to which no lien arises under section 440.39(3)(a). The employee’s argument is basically the same as the one advanced and accepted by the trial court in Safeco Insurance Co. v. Sarkisian, 389 So.2d 1088 (Fla. 4th DCA 1980).
In Safeco, the trial court reduced a compensation carrier’s lien on a settlement arising out of an automobile accident with a third-party tortfeasor, explaining the reduction as follows:
There is evidence that a second incident or occurrence involved the Plaintiff, as an employee. The nature of that incident or occurrence is referred to simply as a “robbery” which involved the Plaintiff and which occurred within a couple of weeks that followed the accident which gave rise to the present lawsuit. It appears that a part of the workmen’s compensation payments made by Safeco Insurance Company on behalf of [the employee] could well have been attributed to or allocated to that accident, the subject matter of this suit; and the robbery which was a subsequent incident or occurrence.
389 So.2d at 1090. Despite the possibility raised by the trial court that some of the benefits paid were related to an “injury” to which no lien arose, the district court reversed, finding that Safeco had satisfied its burden of going forward with evidence as to the amount of benefits paid on account of the accident. The court held:
The burden then shifted to [the employee] to present evidence disputing the amount of the benefits, or the purpose for which they were paid. This she failed to do.
389 So.2d at 1090.
Likewise, in the present case, we find that Winn-Dixie has satisfied its burden by bringing forward evidence of the benefits paid following the automobile accident causing the second compensable injury to the employee’s leg. The employee, on the other hand, has failed to carry his burden of establishing that the benefits paid were paid for some other purpose.[4] We recognize that this allocation of burdens is not necessarily the “fairest” allocation. Nevertheless, this court has previously acknowledged that the controlling statute, section 440.39(3)(a), is “conspicuously void of equitable notions.” United Parcel Services v. Carmadella, 432 So.2d at 704.
Accordingly, under the circumstances of this case, the trial court erred in failing to award Winn-Dixie the full amount of its lien. The order under review is, therefore, reversed and the cause remanded.

. On August 18, 1982, the employee sustained a third compensable injury to his leg. Winn-Dixie is asserting a lien only for those benefits paid from the date of the second injury to the date of the third injury. Winn-Dixie has waived any claim it may have against the settlement for reimbursement of future benefits. See Risk Management Services, Inc. v. Scott, 414 So.2d 220, 223 (Fla. 1st DCA 1982).

. Winn-Dixie has waived all claims to future benefits. See supra note 1.

. In United Parcel Services v. Carmadella, this court held that a compensation carrier’s lien could not be reduced below an amount equal to a pro rata share of what the net third-party recovery is to the worker’s full damages because the third-party’s liability is doubtful, rejecting as unlikely that the $350,000 settlement in that case was a gratuity. 432 So.2d at 704.

. Likewise, the employee failed to demonstrate that he did not recover the full value of damages sustained because of comparative negligence or collectibility. See § 440.39(3)(a).