485 So.2d 1383 (1986)
JOHN SESSA BULLDOZING, INC., Appellant/Cross Appellee,
v.
Stauros PAPADOPOULOS, Appellee/Cross Appellant.
No. 85-640.
District Court of Appeal of Florida, Fourth District.
April 9, 1986.
Gilbert E. Theissen of Walsh, Theissen and Boyd, P.A., Fort Lauderdale, for appellant/cross appellee.
Jeffrey Shuminer and Richard A. Bolton of Richard A. Bolton, P.A., North Miami Beach, for appellee/cross appellant.
GLICKSTEIN, Judge.
This is an appeal of a non-final order granting a new trial.[1] We reverse and remand with direction to enter final judgment in accordance with the jury verdict.
The appeal arises out of a motor vehicle accident which occurred on May 24, 1983, involving appellee, Stauros Papadopoulos, and a truck owned by appellant, John Sessa Bulldozing, Inc. (Sessa). Just prior to the accident, appellee was proceeding northbound on Flamingo Road in his dump truck at a speed of thirty-five to forty-five miles per hour. He was following another truck and maintaining a following distance of only fifteen to twenty feet. As appellee followed the truck, he observed it move to the left and pass a man on a horse riding along the right hand side of the road. Appellee did not do the same, but instead slammed on his brakes. At this time, he was rear-ended by appellant's truck. Appellee brought suit to recover for injuries inflicted by the driver of appellant's truck. The driver of appellant's truck could not be located for trial. The only account of what happened was given by appellee.
*1384 Following a two-day trial the jury rendered its verdict, determining damages of $20,000 and finding that the negligence of both drivers involved contributed to the accident. The jury apportioned thirty percent of the fault to appellant (defendant below) and seventy percent to appellee (plaintiff below). After rendition of the verdict, appellee filed its motion for a new trial, contending that the verdict was contrary to the evidence since there was no evidence of any negligence on the part of appellee.
The trial court entered an order, granting additur or in the alternative a new trial. In its order the trial court recognized that the jury was within its bounds of discretion in finding that appellee was guilty of some negligence contributing to the accident, but that the jury's finding, in determining that appellee was more than fifty percent negligent, was contrary to the manifest weight of the evidence.
Based upon this conclusion, the trial court ordered appellant to file an additur of $4,000 which would have the effect of increasing appellee's net award of $10,000, the amount appellee would have received if the jury had found him fifty percent, rather than seventy percent negligent. If appellee refused to accept the additur, the trial court would order a new trial solely on the issue of appellee's comparative negligence, if any. Appellant did not agree to the additur, and filed its present notice of appeal.

I
The first issue is whether the trial court improperly utilized additur as a device to reapportion responsibility for an injury. We conclude that it did.
Florida courts have consistently ruled against the granting of additur. Bennett v. Jacksonville Expressway Authority, 131 So.2d 740 (Fla. 1961); Healey v. Atwater, 269 So.2d 753 (Fla.3d DCA 1972). An exception to this rule was established in 1977 with the passage of sections 768.043 and 768.49, Florida Statutes (1983).[2] Section *1385 768.043 deals with remittitur and additur actions arising out of operation of motor vehicles. A reading of this statute indicates that it empowers a trial court to review the amount of an award; and if it determines that the award is clearly excessive or inadequate, the court is permitted to order a new trial on damages only.
In the present case, however, the trial court gave no indication that it found the jury's determination of $20,000 in damages inadequate. Rather it indicated the jury's apportionment of liability was incorrect and ordered additur equivalent to a finding of fifty percent negligence on the part of both parties ($10,000 of the $20,000 amount of damages determined by the jury).
Although there appear to be no cases directly on point dealing specifically with additur, there are a few similar cases dealing with remittitur. In St. Pierre v. Public Gas Company, 423 So.2d 949 (Fla.3d DCA 1982), plaintiff and his deceased wife were found twenty percent negligent in an accident involving their stove which had been serviced by appellee. The jury awarded damages of approximately $300,000 and the trial judge entered judgment for that amount less twenty percent. The trial court subsequently authorized a new trial on liability if the plaintiff did not remit a portion of the amount awarded by the jury, based on the court's belief that the plaintiff's negligence was fifty, not twenty percent of the cause of plaintiff's damages. The appellate court reversed.
In Cooper Transportation, Inc. v. Mincey, 459 So.2d 339, 342 (Fla.3d DCA 1984), the court stated:
Addressing appellant's second contention, a trial judge may not use the device of a new trial order conditioned on a remittitur to increase a jury's determination of the percentage of responsibility for an injury that is attributable to a plaintiff's contributory negligence. Akermanis v. Sea-land Service, Inc., 688 F.2d 898 (2d Cir.1982). We approved, in St. Pierre v. Public Gas Co., 423 So.2d 949 (Fla.3d DCA 1982), this rationale which prevents adjustment in a jury finding because the question of apportioning the negligence between the plaintiff and defendant is one that is peculiarly within the province of the jury. It is not subject to adjustment by remittitur. Id. at 951.
See also Smith v. Telophase National Cremation Society, Inc., 471 So.2d 163 (Fla.2d DCA 1985).
Although none of the above cases deals specifically with additur, we see no reason  and appellee cites none  why the rule should not also apply to additur. Additur is a device to be used for increasing damages, not reapportioning responsibility for an injury. The trial court gave no indication whatsoever that the jury's award of damages was insufficient.

II
The second issue is whether the trial court abused its discretion in ordering a new trial on the issue of liability. We conclude that it did.
Although Florida Rule of Civil Procedure 1.530(a) authorizes a trial court to grant a new trial as to any or all issues, a trial court may not abuse its discretion in doing so. In the present case the trial judge granted a new trial on the issue of liability. The evidence presented at trial could have indicated to the jury that appellee was tailgating the truck in front of him. It is surely conceivable that had he not been following closely, he could have stopped more slowly, thus avoiding the accident. It is also conceivable the jury believed appellant could have gone around the rider as the truck in front of him did. The trial court's order expressly recognized both of these suggestions.[3]
*1386 In St. Pierre v. Public Gas Company, the jury found the plaintiff twenty percent negligent and the defendant eighty percent negligent. The trial court disagreed, being of the opinion defendant was at least fifty percent negligent and ordered a new trial. The appellate court reversed stating:
We share the Second Circuit's view that the same rationale which prevents additur precludes any adjustment that extends a jury's finding, even if that extension results, as it does here, in a reduced monetary judgment. The question of apportioning the negligence between the plaintiff and the defendant is one that is peculiarly within the province of the jury and is not subject to adjustment by remittitur. [Footnote omitted.]
423 So.2d at 951 (emphasis original). See also Cooper Transportation, Inc. v. Mincey, 459 So.2d at 341.
In Taylor v. Ganas, 443 So.2d 251, 253 (Fla. 1st DCA 1983), the court stated:
Although a trial judge has broad discretion to grant or deny a new trial, a judge may not substitute his view of the evidence for that of the jury. A new trial is not to be granted unless no reasonable jury could have reached the verdict rendered. Florida First National Bank of Jacksonville v. Dent, 404 So.2d 1123 (Fla. 1st DCA 1981); Griffis v. Hill, 230 So.2d 143 (Fla. 1969).
Given the fact that the trial judge acknowledged that the jury could have concluded that appellee was following the vehicle ahead too closely and that appellee may have been able to avoid the accident by not following so closely or by going around the rider, we cannot say that no reasonable jury could have reached the verdict reached by the jury in this case.
There is no law in Florida that when a party hits a vehicle which has suddenly stopped, from behind, the former is minimally fifty percent liable, and given the unique facts of each case, such a law would be unwise. Cf. O'Conor v. Department of Transportation, 364 So.2d 84 (Fla.3d DCA 1978) ("Questions of proximate cause are ordinarily for the jury."); Bialek v. Lensen, 421 So.2d 654 (Fla. 1st DCA 1982) ("[I]ssue of proximate cause was one properly determinable by the jury, under appropriate instructions.").
The trial court's finding that appellee could have been found fifty percent negligent but not seventy percent negligent was arbitrary. See Wackenhut Corporation v. Canty, 359 So.2d 430, 437 (Fla. 1978) (the province of the jury should not be invaded by a judge because he raises a judicial eyebrow at its verdict); Lopez v. Cohen, 406 So.2d 1253 (Fla. 4th DCA 1981) (judge's mere disagreement with the verdict of the jury is not sufficient to warrant a new trial).
LETTS and DELL, JJ., concur.
NOTES
[1] Appellee filed a cross appeal, but has not pursued the matter.
[2] Section 768.49 deals with claims arising out of medical malpractice and is not applicable to the present case. Section 768.043, Florida Statutes (1983), states:

768.043. Remittitur and additur actions arising out of operation of motor vehicles. 
(1) In any action for the recovery of damages based on personal injury or wrongful death arising out of the operation of a motor vehicle, whether in tort or in contract, wherein the trier of fact determines that liability exists on the part of the defendant and a verdict is rendered which awards money damages to the plaintiff, it shall be the responsibility of the court, upon proper motion, to review the amount of such award to determine if such amount is clearly excessive or inadequate in light of the facts and circumstances which were presented to the trier of fact. If the court finds that the amount awarded is clearly excessive or inadequate, it shall order a remittitur or additur, as the case may be. If the party adversely affected by such remittitur or additur does not agree, the court shall order a new trial in the cause on the issue of damages only.
(2) In determining whether an award is clearly excessive or inadequate in light of the facts and circumstances presented to the trier of fact and in determining the amount, if any, that such award exceeds a reasonable range of damages or is inadequate, the court shall consider the following criteria:
(a) Whether the amount awarded is indicative of prejudice, passion, or corruption on the party of the trier of the fact.
(b) Whether it clearly appears that the trier of fact ignored the evidence in reaching the verdict or misconceived the merits of the case relating to the amounts of damages recoverable.
(c) Whether the trier of fact took improper elements of damages into account or arrived at the amount of damages by speculation or conjecture.
(d) Whether the amount awarded bears a reasonable relation to the amount of damages proved and the injury suffered.
(e) Whether the amount awarded is supported by the evidence and is such that it could be adduced in a logical manner by reasonable persons.
(3) It is the intent of the Legislature to vest the trial courts of this state with the discretionary authority to review the amounts of damages awarded by a trier of fact, in light of a standard of excessiveness or inadequacy. The Legislature recognizes that the reasonable actions of a jury are a fundamental precept of American jurisprudence and that such actions should be disturbed or modified only with caution and discretion. However, it is further recognized that a review by the courts in accordance with the standards set forth in this section provides an additional element of soundness and logic to our judicial system and is in the best interests of the citizens of Florida.
[3] The trial court's order provides in part:

The Court recognizes that it was within the discretion of the jury to find from Plaintiff's own testimony that Plaintiff was guilty of some negligence contributing to the happening of the accident, since the jury could have determined that Plaintiff was following the vehicle ahead too closely so as to require a sudden rather than gradual stop when Plaintiff saw the horse and rider in the highway or the jury could have determined that Plaintiff could have avoided a sudden stop by driving to the left side of the highway and going around the horse and rider as he testified the driver ahead of him did. However, the Court is of the opinion that in attributing more than 50% of the negligence resulting in the accident to Plaintiff, the jury finding was contrary to the manifest weight of the evidence and cannot be approved by the Court. Otherwise the jury's find [sic] will be sustained.