BARKDULL, Judge.
A final judgment was entered in favor of the appellant, plaintiff in the trial court, in a wrongful death action.[1] The trial court thereupon entered an order requiring that a new trial be granted unless remittitur was accepted by the appellant. The appellant appeals from that order; the appellees, defendants in the trial court, cross-appeal.
While walking home from school, the appellant’s minor son, John Douglas Marson (Doug), was struck and killed by a van driven by the appellee, Donna Güila. The van was owned by the appellee, Dadeland Rent-A-Car, and leased by it to the appel-lee, Snapper Village Early Learning Center. The appellant, individually and on behalf of Doug’s estate, commenced a wrongful death action against the appellees, asserting that Gulla negligently operated the van and that *246 Snapper Village had negligently hired and supervised Gulla. It was alleged that both corporate appellees were responsible for Gulla’s acts via respondeat superior.
Prior to trial, the appellees moved to limit testimony that Gulla did not have a chauffeur’s license. Such motion was denied and repeated reference was made at trial that Gulla did not have a chauffeur’s license. After due consideration, at charge conference the court decided that such evidence was inadmissible. The court instructed the jury that Gulla’s possession of an operator’s license as opposed to a chauffeur’s license was not evidence of negligence.
The jury returned a verdict on special interrogatories, finding that negligence on the part of the appellees was the sole legal cause of Doug’s death. (The jury had found that there was no negligence on the part of Doug which contributed to his death.) The jury awarded damages in the following amounts: Total damages of Estate of John Douglas Marson, $17,676.00; total damages of survivor, Roderick Mar-son, $400,000.00; total damages of survivor, Jeanne Marson, $600,000.00. A final judgment was entered in accordance with the jury’s verdict. The defendants moved for a judgment notwithstanding the verdict, new trial, and/or remittitur. The trial court entered an order requiring the appellant to submit to a remittitur or a new trial would be entered.[2] From that order, the appellant has appealed to this court. The appellees cross-appeal, asserting that the court erred in not granting the motion for remittitur and/or new trial on other grounds.
We find the order of remittitur is erroneous and order a new trial on all issues. The trial court found that it erroneously permitted evidence to be submitted to the jury and that this infected both the issue of liability and the amount of damages. Under the circumstances of this case, where there were issues as to negligence of the defendant-driver and others as well as a charge of comparative negligence on the part of the deceased, in fairness to all parties the matter should be re-tried on all issues. Skog v. Chrysler Corporation, 135 So.2d 25 (Fla.3d DCA 1961); Compare, North Dade Imported Motors, Inc. v. Brundage Motors, Inc., 221 So.2d 170 (Fla. 1st DCA 1969); Florida Power Corporation v. Smith, 202 So.2d 872 (Fla. 2d DCA 1967); Bell v. Tarvin, 163 So.2d 300 (Fla. 1st DCA 1964); Cobb v. Brew, 155 So.2d 814 (Fla. 1st DCA 1963); Warner v. Goding, 91 Fla. 260, 107 So. 406 (1926).
The grounds stated by the trial court in support of its order of remittitur and/or new trial clearly relate to the issue of liability only and not to both the issues of liability and damages, as stated in the order.[3] As a result thereof, it was error for *247 the trial judge to order a remittitur because a remittitur of part of the amount recovered cannot cure a verdict which is contrary to law or not sustained by the evidence as to any issue other than the measure of damages. See: Kaywood v. Webb & Knaff, Inc., 286 App.Div. 994, 144 N.Y.S.2d 447 (1955); 66 C.J.S. New Trial § 209 e., page 525.
The inadmissible testimony referred to in the order appealed, taken as a whole, has so contaminated this trial to the extent that we cannot permit this jury verdict to stand.
Therefore, the order appealed is reversed as to the remittitur and affirmed as to the new trial, and the cause is remanded to the trial court with directions to grant a new trial on all issues.
Affirmed in part; reversed in part, and remanded with directions.

. §§ 768.20, 768.21, Florida Statutes (1977).

.
“This cause was considered on three (3) motions filed by the defendants herein, to wit: Motion for Judgment Notwithstanding the Verdict, Motion for New Trial, and Motion for Entry of a Remittitur.
1. The Motion for Judgment Notwithstanding the Verdict is DENIED.
2. On The Motion for New Trial, the following is found:
(a) Improper evidence was submitted to the jury in the following form;
(1) That the driver of the vehicle, Donna Gulla, did not possess a chauffeur’s license, the plaintiffs having failed to establish any causal relationship between the accident and the lack of a chauffeur license.
(b) Opinion evidence tending to reconstruct the accident given by a forensic pathologist who admittedly was not an expert in the field of accident reconstruction.
(c)Such evidence was so prejudicial as to deny the defendants a fair trial, especially on the issue of comparative negligence, and is reflected in the award of damages.
3.The Motion for Entry of a Remittitur is GRANTED and it is suggested that the damages awarded herein be reduced and entered as follows:
Damages to Estate of John Douglas Marson $17,676.00
Damages to Survivor, Roderick Marson 200,000.00
Damages to Survivor, Jeanne Marson 300,000.00
TOTAL DAMAGES $517,676.00
Unless the plaintiffs file a remittitur in accordance with the above within the time allowed by the rules, the Motion for New Trial shall stand as GRANTED.”
.... (emphases supplied).

. Compare, Friddle v. Seaboard Coast Line Railroad Company, 306 So.2d 97 (Fla.1974); Seaboard Coast Line Railroad Company v. Friddle, 290 So.2d 85 (Fla. 4th DCA 1974), *247 where the erroneously admitted evidence related both to liability and the amount of damages.