422 So.2d 922 (1982)
Thelma JENKINS, As Administratrix of the Estate of Merton Earle Jenkins, Deceased, Appellant,
v.
ARAB TERMITE AND PEST CONTROL OF FLORIDA, INC., et al., Appellees.
Nos. 79-1989, 79-1990.
District Court of Appeal of Florida, Second District.
October 22, 1982.
Rehearing Denied December 17, 1982.
Julian Clarkson and Warren M. Goodrich of Holland & Knight, Tampa, for appellant.
*923 Clifford L. Somers of Miller, McKendree & Somers, Tampa, for appellees.
DANAHY, Judge.
The trial judge in this case entered an order granting a new trial as to all issues unless the appellant agreed to a remittitur reducing the punitive damages awarded by the jury from $125,000 to $50,000. In his order, the trial judge said that "the amount of the punitive damages awarded by the jury clearly shocked the judicial conscience of the Court, as under the facts of the case the acts of the defendant lacked the degree of maliciousness and/or outrageous disregard for the decedent's rights required to sustain the amount of the punitive damages verdict." On appeal to this court, we reversed on the ground that the trial judge's stated reason for granting a new trial or remittitur was improper. Jenkins v. Arab Termite and Pest Control, 388 So.2d 44 (Fla. 2d DCA 1980).
The supreme court quashed our decision, holding that it is proper for a trial judge to issue an order for a new trial or remittitur when the manifest weight of the evidence shows that the amount of punitive damage assessed is out of all reasonable proportion to the malice, outrage, or wantonness of the tortious conduct. The court went on to say that either this finding must be affirmatively supported by the record or the judge must find that the jury was influenced by matters outside the record. Arab Termite and Pest Control v. Jenkins, 409 So.2d 1039 (Fla. 1982). Pointing out that because of the basis of our original opinion, we had not determined whether the trial court's decision was affirmatively supported by the record (i.e., the manifest weight of the evidence) or by the findings in the judge's order, the supreme court remanded the case to us to provide "the appropriate appellate review" as to that issue.
On remand, we have considered the briefs and oral argument of the parties on this issue and have reviewed the record. Although not stated in the supreme court's opinion quashing our decision, we consider our duty of review to be a determination whether the trial judge abused his discretion. That is the standard established in Cloud v. Fallis, 110 So.2d 669 (Fla. 1959), and reaffirmed in Wackenhut Corp. v. Canty, 359 So.2d 430 (Fla. 1978), and Baptist Memorial Hospital, Inc. v. Bell, 384 So.2d 145 (Fla. 1980). As stated in Baptist Memorial Hospital, Inc. v. Bell:
In reviewing this type of discretionary act of the trial court, the appellate court should apply the reasonableness test to determine whether the trial judge abused his discretion. If reasonable men could differ as to the propriety of the action taken by the trial court, then the action is not unreasonable and there can be no finding of an abuse of discretion. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980).
Applying the reasonableness test in this case, it is our opinion that reasonable men could differ on the question whether the manifest weight of the evidence showed that the amount of punitive damages assessed was out of all reasonable proportion to the malice, outrage, or wantonness of the tortious conduct of the appellee. Accordingly, we find no abuse of discretion and affirm.
HOBSON, A.C.J., and RYDER, J., concur.

ON MOTION FOR REHEARING
PER CURIAM.
The motion for rehearing is denied. Remsberg v. Mosley, 58 So.2d 432 (Fla. 1952); Shank v. Fassoulas, 304 So.2d 469 (Fla. 3d DCA 1974); 1661 Corp. v. Snyder, 267 So.2d 362 (Fla. 1st DCA 1972); and Lawson v. Swirn, 258 So.2d 458 (Fla. 1st DCA 1972).
HOBSON, A.C.J., and RYDER and DANAHY, JJ., concur.