CAMPBELL, Acting Chief Judge.
Appellants, plaintiffs below, appeal the order of the trial court which ordered appellants to accept a remittitur from the jury verdict in their favor or, in the alternative, ordered a new trial on all issues. We affirm in part and reverse in part.
Appellants’ cause of action grew out of an incident that occurred on March 21, 1984. As far as the record reveals, the incident took place during daylight hours and under no unusual weather conditions. Appellant Margaret Rowlands and her eighteen-year-old daughter, Samantha, were riding their bicycles from their home to the post office. They were on a sidewalk parallel to and along the east side of Goodlette Road in Naples, Florida. Samantha was preceding Mrs. Rowlands by about a bicycle length. Mrs. Rowlands testified that although she did not observe any obstacles on the sidewalk, suddenly and without warning, her bicycle veered to the left into Goodlette Road where she was struck by an automobile. When she crawled back to the sidewalk, she observed rope and cable lying across the sidewalk. The evidence does not establish the exact diameter of the rope or cable, except that they were both less than an inch in diameter. Appel-lee’s work crew at the scene of the accident, consisting of three men and two vehicles, was installing traffic signals at various intersections along Goodlette Road. Samantha Rowlands did not testify, but apparently had no problems traversing the sidewalk on her bicycle just ahead of her mother. No one who observed the accident testified except Mrs. Rowlands. She testified she really did not know what happened. Mrs. Rowlands was taken home by a police officer. Although Mr. Rowlands later took Mrs. Rowlands to the hospital for treatment for pain, she was never hospitalized. She has continued to receive treatment on an out-patient basis from her treating physician.
Appellants’ cause of action against appel-lee was based on an alleged breach of a duty to maintain the sidewalk on which Mrs. Rowlands was riding her bicycle in a reasonable and safe manner. After the evidence was presented, the jury deliberated five minutes and returned with a verdict finding Mrs. Rowlands ten percent negligent and appellee ninety percent negligent. Although the verdict form requested it, the jury verdict did not specify the amount of total damages suffered by appellants. The foreman informed the trial judge that the jury thought that the judge would calculate the amount of damages. At the judge's instruction, the jury returned to the jury room and in another five minutes returned its verdict which assessed total damages to Mrs. Rowlands of $250,000.00 and to Mr. Rowlands of $45,450.00.
The trial judge ordered a remittitur or a new trial and attached to his order a transcript of the hearing on appellee’s motion for new trial that includes his express findings regarding his reason for his order. It is obvious that the trial judge was convinced that the jury’s determination of the comparative negligence of the parties was against the manifest weight of the evidence. Our independent search of the record convinces us likewise.
The trial judge also found that the amount of total damages in the verdict and the liability percentages attributable to the parties shocked his judicial conscience. The trial judge expressed concern that the overwhelming amount of trial time devoted to damages as compared to the miniscule amount of time spent on liability totally confused the jury. We find that the trial judge's order sufficiently complies with the specificity requirements of Baptist Memorial Hospital, Inc. v. Bell, 384 So.2d 145 (Fla.1980); Wackenhut Corp. v. Canty, 359 So.2d 430 (Fla.1978); Cloud v. Fallis, 110 So.2d 669 (Fla.1959); Reynolds v. Towne Management of Florida, Inc., 426 *61 So.2d 1011 (Fla. 2d DCA 1983) and Aronson v. Siquier, 318 So.2d 452 (Fla. 3d DCA 1975).
Appellants argue, however, that in view of the trial court’s seemingly exclusive concern with damages, it was improper for the trial court to order, as an alternative to a remittitur, a new trial on all issues, including both liability and damages. Appellee agrees, but argues that in this case the error was harmless because appellants rejected the remittitur. Appellee reasons that since the trial judge found the verdict against the manifest weight of the evidence in regard to both liability and damages, it was error to order a remittitur at all. We cannot agree with appellee’s theory as we do not believe it accurately characterizes the trial judge’s findings. Instead, we find appellants’ argument at least partially persuasive. Indeed, this court has specifically held that a remittitur is proper only when the trial judge finds the verdict defective as to the issue of damages alone. Smith v. Telophase National Cremation Society, Inc., 471 So.2d 163 (Fla. 2d DCA 1985).
We conclude that when the trial judge offered to reduce the verdict for appellants by remittitur to $25,000.00, he necessarily found the evidence sufficient to support a finding of some degree of comparative negligence on the part of appellee. We further conclude, however, that while the trial judge found sufficient evidence to establish both appellants’ and appellee’s negligence, he believed that the jury’s determination of the percentages of comparative negligence was against the manifest weight of the evidence. Smith v. Telophase and the cases cited therein did not involve the issues of comparative negligence. We would, therefore, in comparative negligence cases, refine the holding in Smith v. Telophase. We adhere to the rule that remittitur should be ordered only where liability is clearly established.
However, in comparative negligence cases, remittitur may also be proper where the trial judge concludes that the finding of some negligence on the part of both parties is not against the manifest weight of the evidence, but the determination of each parties’ percentage of comparative negligence and/or the total amount of damages is against the manifest weight of the evidence. We are convinced that was the conclusion of the trial judge below. It is clear to us that he determined that the jury could have properly concluded that both parties were to some degree negligent.
We further are convinced that the trial judge concluded that the determination of ten percent negligence for Mrs. Rowlands, ninety percent negligence for appellee and the assessment of total damages of $295,-450.00 was against the manifest weight of the evidence. He, therefore, should have ordered a new trial only on the amount of damages and the percentages of comparative negligence of the parties. On retrial, the jury should be instructed that it has been determined that both parties were to some extent responsibly negligent in regard to the incident and the duty of the jury, on retrial, would be to determine only the relative or comparative negligence of the parties and the total damages suffered by appellants.
Affirmed in part and reversed in part.
LEHAN and THREADGILL, JJ., concur.