549 So.2d 1380 (1989)
Margaret ROWLANDS, et al., Petitioners,
v.
SIGNAL CONSTRUCTION CO., Respondent.
No. 72291.
Supreme Court of Florida.
October 12, 1989.
Susan W. Fox of Macfarlane, Ferguson, Allison & Kelly, Tampa, and William A. Donovan of Ruby & Donovan, P.A., Naples, for petitioners.
*1381 Gerald W. Pierce of Henderson, Franklin, Starnes & Holt, P.A., Fort Myers, for respondent.
BARKETT, Justice.
We have for review Rowlands v. Signal Construction Co., 522 So.2d 59 (Fla. 2d DCA 1988), based on express and direct conflict with Keith v. Russell T. Bundy & Associates, Inc., 495 So.2d 1223 (Fla. 5th DCA 1986); Cooper Transportation, Inc. v. Mincey, 459 So.2d 339 (Fla. 3d DCA 1984), review denied, 472 So.2d 1181 (Fla. 1985); and St. Pierre v. Public Gas Co., 423 So.2d 949 (Fla. 3d DCA 1982). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We quash the opinion below and remand with instructions.
Margaret Rowlands was injured while bicycling on a public sidewalk. As she rode along, she hit something on the sidewalk, fell off her bike into the road, and was struck by an automobile. Although not critically injured, she continued to suffer from migraine headaches, a "locking knee," and pains in her ribs. On the day of the accident, a crew from Signal Construction Co. ("Signal") was working in the area. Rowlands did not see the object that caused her fall. But after falling, she noticed cable and rope doubled up on the sidewalk. She sued Signal alleging negligence in leaving an obstruction on the sidewalk without any warning signs.
The jury returned a verdict finding Signal ninety percent negligent and Rowlands ten percent negligent. However, the jury neglected to fill in the damages amount; and the foreman explained that he thought the judge would do so. After hearing this statement, the judge told the jury to return to the jury room and determine total damages. It did so and then returned a completed verdict form, awarding Rowlands $250,000 and her husband $45,450. Signal filed a motion for a new trial, or in the alternative, remittitur. The trial court granted the motion and stated
I have to say it shocked the conscience of the Court when the verdict did come in. Not necessarily disputing the injuries or the doctors' testimony or even having to get into that aspect of it, but probably more the liability percentages that there had been that would have affected their decision.
But in total sum and substance, the Court just felt that $300,000 was just so far out of line that it would have to grant the motion. ...
.....
... Perhaps the overwhelming amount of time spent on the damages compared to the liability question just totally confused the jury with the numbers coming out of the chart, exactly. There's just so many things, that the Court will grant the motion. I assume you would rather see a remittitur, at least give you a shot at accepting something rather than just outright new trial. As I understand it, the Court just simply sets a number of remittitur, and if you don't accept it, then you get yourself a new trial.
(Emphasis added.) The trial court ordered that the remittitur would reduce the total award to $25,000 in favor of Rowlands and against Signal; and if Rowlands did not agree, the case would be retried on all issues.
Plaintiffs rejected the remittitur, and appealed. The Second District Court of Appeal affirmed in part and reversed in part. Rowlands, 522 So.2d at 61. In affirming the application of remittitur, the district court concluded that "remittitur may ... be proper where the trial judge concludes that the finding of some negligence on the part of both parties is not against the manifest weight of the evidence, but the determination of each part[y's] percentage of comparative negligence and/or the total amount of damages is against the manifest weight of the evidence." Id. However, the Second District reversed in part on grounds that the trial court should have ordered a new trial only on the amount of damages and the percentages of comparative negligence of the parties, not on all issues. Id.
In its classic sense, the term "remittitur" means nothing more than "[t]he procedural process by which a verdict of the *1382 jury is diminished by subtraction." Black's Law Dictionary 1164 (5th ed. 1979). Indeed, when remittitur was created in 1822 by Justice Story, it was for the express purpose of subtracting a specific amount from an excessive verdict if the plaintiff wanted to avoid the court's alternative new-trial order. Blunt v. Little, 3 F.Cas. 760, 762 (No. 1578) (C.C.A.Mass. 1822). See Note, Remittitur Practice in the Federal Courts, 76 Colum.L.Rev. 299, 300 (1976) (discussing history of remittitur). Thus, remittitur is proper where liability clearly exists, but the total dollar amount of damages is merely excessive.[1]
The federal case law on remittitur supports this conclusion. For instance, a federal trial court abuses its discretion if it orders a remittitur when the evidence actually reveals the jury's finding of liability to be error as a matter of law. In such instances, the trial court must order a new trial on all issues reasonably affected by the impropriety, including liability. Auster Oil & Gas, Inc. v. Stream, 835 F.2d 597, 603 (5th Cir.) (involving punitive damages assessed by biased jury), cert. dismissed, ___ U.S. ___, 108 S.Ct. 2007, 100 L.Ed.2d 237 (1988).
We agree with the federal case law that, when the evidence reveals the jury's determination of liability to be wholly insupportable, the trial court must order a new trial on all issues reasonably affected by the impropriety. Remittitur is not a proper remedy for this defect. However, where the only problem is a dollar award so excessive as to shock the conscience of the court, the trial court has discretion to deny the defendant's motion for new trial if the plaintiff will accept a remittitur that reduces the award by subtraction to the maximum recovery[2] supported by the evidence. Delesdernier v. Porterie, 666 F.2d 116 (5th Cir.), cert. denied, 459 U.S. 839, 103 S.Ct. 86, 74 L.Ed.2d 81 (1982); Lassitter v. International Union of Operating Eng'rs, 349 So.2d 622, 627 (Fla. 1977). The determination regarding remittitur is reversed on appeal when the trial court clearly abuses its discretion. E.g., Grunenthal v. Long Island R.R. Co., 393 U.S. 156, 89 S.Ct. 331, 21 L.Ed.2d 309 (1968); Dagnello v. Long Island R.R. Co., 289 F.2d 797 (2d Cir.1961).
The problem posed by this case is that, from the trial court's statements and the district court's analysis, the impropriety identified by the trial court and the district court involved the percentages of liability, not merely excessiveness of the verdict.
We do not believe this is a matter correctable by remittitur. While it is true that some jurisdictions have applied remittitur in this way, e.g., Cotrona v. Johnson and Wales College, 501 A.2d 728 (R.I. 1985), Florida adheres to the traditional use of remittitur. That is, it may be used only to subtract from the total dollar amount of damages, not to apply any other form of mathematics.
We are compelled to this conclusion by three factors. First, the clear weight of authority in Florida supports applying remittitur exclusively to subtract from the verdict. Keith; John Sessa Bulldozing, Inc. v. Papadopoulos, 485 So.2d 1383 (Fla. 4th DCA 1986); Smith v. Telophase Nat'l *1383 Cremation Soc'y, Inc., 471 So.2d 163 (Fla. 2d DCA 1985); Cooper Transp.; St. Pierre. See Gould v. National Bank, 421 So.2d 798 (Fla. 3d DCA 1982); Marson v. Dadeland Rent-A-Car, Inc., 408 So.2d 245 (Fla. 3d DCA 1981). We believe that a rule so well settled in our law should not be overturned lightly, without good reason.
Second, we find this rule more in harmony with the settled principle that the apportioning of liability is a matter peculiarly within the province of the jury. Ashcroft v. Calder Race Course, Inc., 492 So.2d 1309 (Fla. 1986); St. Pierre. Indeed, the role of the jury is of even greater importance now, since the adoption of comparative negligence. Hoffman v. Jones, 280 So.2d 431 (Fla. 1973). With the advent of comparative negligence, this Court has eliminated a number of common law doctrines, such as implied assumption of risk, that had permitted the judge to intrude upon the determination of fault. E.g., Blackburn v. Dorta, 348 So.2d 287 (Fla. 1977).
Third, we conclude that the determination of liability falls within the right to trial by jury guaranteed by article I, section 22 of the Florida Constitution. Since liability is inextricably bound up with the apportionment of damages under the doctrine of comparative negligence, this matter must be left to the jury.[3] When the percentages of liability are contrary to the manifest weight of the evidence, the trial court must treat this defect as an error in the finding of liability itself. The only remedy is to order a new trial on all issues affected by the error. We emphasize, however, that the new trial may not be granted merely because the trial court disagrees with the percentages, but only because the percentages are against the manifest weight of the evidence.
Thus, we are not persuaded by the rationale of the district court below that remittitur somehow has a different role under comparative negligence than it had at common law. Rowlands, 522 So.2d at 61. If anything, the policies underlying the rule are enhanced by the adoption of comparative negligence, which gives the jury a greater say in apportioning fault. Indeed, the Second District in reaching this conclusion apparently overlooked the holdings of St. Pierre and Cooper Transportation, which we approve.
Finally, the district court's initial error on the question of remittitur resulted in a second error in its review of the trial court's alternative new-trial order. In the present case, the record casts insufficient light on the basis of the trial court's ruling. Accordingly, we believe the trial court should be permitted to reassess the jury verdict in light of the standards announced in this opinion.
The opinion of the district court below is quashed.[4] We remand for proceedings consistent with this opinion.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, GRIMES and KOGAN, JJ., concur.
SHAW, J., dissents with an opinion.
SHAW, Justice, dissenting.
The district court reasoned that percentages of comparative negligence were a component of a damages verdict and were subject to remittitur or a new trial on damages only at the option of the plaintiff. The majority reasons that such percentages are a component of liability which is not subject to remittitur but which is subject to a new trial on liability. I disagree with the majority opinion and would approve the decision below.
I agree that remittitur is not a device for the trial court to substitute its opinion for that of the jury on the amount of damages *1384 to be awarded, nor is it an appropriate device when the jury's findings of liability are erroneous as a matter of law, i.e., are contrary to the manifest weight of the evidence or were improperly influenced by matters outside the record. These truisms merely tell us the uncontroverted obvious, they do not aid in determining whether percentages of comparative negligence found by the jury are subject to remittitur.
The factors cited by the majority opinion as compelling are not in my opinion persuasive. The first, "the clear weight of authority in Florida supports applying remittitur exclusively to subtract from the verdict," at page 1382, is another unhelpful statement of the obvious. Both remittitur and additur assume there is liability on the part of the defendant. The issue in both instances is whether the damages verdict was contrary to the manifest weight of the evidence or was improperly influenced by matters outside the record, not whether there was liability. By definition, remittitur subtracts and additur adds.
The second factor cited by the majority opinion is the pivot on which the decision turns, "the apportioning of liability [the determination of comparative negligence by percentage] is a matter peculiarly within the province of the jury." At 1383. This statement is also true, but it has no significance here unless as a corollary the determination of damages is a matter not peculiarly within the province of the jury so that the trial court may order remittitur on the basis of a mere disagreement with the jury's damages verdict. As it happens, the decision cited by the majority opinion for the proposition that determination of comparative negligence by percentage is a matter peculiarly within the province of the jury actually stands for the broader proposition that determination of damages is a matter peculiarly within the province of the jury. In Ashcroft v. Calder Race Course, Inc., 492 So.2d 1309, 1313-14 (Fla. 1986), we held in pertinent part:
The trial judge's broad discretion is exercised in the context of determining whether a jury's verdict is against the manifest weight of the evidence or was influenced by consideration of matters outside the record. We agree with petitioner that the trial judge abused his discretion in ordering remittitur and granting a new trial as an alternative. There is nothing in the remittitur order suggesting there was any impropriety in the jury's verdict. There are no reasons given to support the notion that the verdict was against the manifest weight of the evidence or that the jury was influenced by matters outside the record. Instead, the judge appears to have simply reached different conclusions than the jury on whether petitioner was negligent[3] and on the amount of damages to be awarded. A trial court's discretion, while broad, is not unbridled.
In tort cases damages are to be measured by the jury's discretion. The court should never declare a verdict excessive merely because it is above the amount which the court itself considers the jury should have allowed. The verdict should not be disturbed unless it is so inordinately large as obviously to exceed the maximum limit of a reasonable range within which the jury may properly operate.

Bould v. Touchette, 349 So.2d 1181, 1184-85 (Fla. 1977).
[3] The jury specifically found in a special verdict interrogatory that petitioner was not negligent.
We directly held in Ashcroft that the determination of damages is a matter peculiarly within the province of the jury and the trial judge should not order remittitur as an alternative to a new trial unless a new trial is required because the damages verdict was against the manifest weight of the evidence or the jury was improperly influenced by matters outside the record.[1] We indirectly held, or strongly suggested, that a jury's determination on comparative negligence is a component of its damages verdict. We did not hold that percentages *1385 of comparative negligence are a component of liability.[2]
Under the majority decision, a successful plaintiff loses entirely the benefits of a favorable jury verdict on liability and damages measured in terms of comparative negligence. Traditionally, remittitur preserves the right of a plaintiff to a jury trial while offering, as an alternative, a reduced damages award which is not contrary to the manifest weight of the evidence or was not influenced by matters outside the record. The majority's decision to mandate a new trial on liability under such circumstances, without the option of remittitur, is not in the interests of plaintiffs or the courts that must retry such cases from the beginning. I would approve the decision below.[3]
NOTES
[1] At first blush, remittitur appears to authorize judicial intrusion into the factfinding process. However, this is not its actual purpose. Even the factfinder must operate within the limits of the law. Thus, an award of damages may reach a level so out of proportion to the injury in question as to constitute a disregard of law. In such instances, remittitur operates as a procedural device to bring the damages back within the outer bounds of law. Accordingly, the judge's use of remittitur is permissible only to the extent it accomplishes this purpose, and usurps the jury's function to the extent it accomplishes anything else. Remittitur emphatically is not a device to enforce the judge's opinion as to what damages should be. See art. I, § 22, Fla. Const.
[2] We have adopted the maximum recovery rule used by some of the federal circuit courts of appeal, since it better comports with the principles of article I, section 22 of the Florida Constitution. Lassitter v. International Union of Operating Eng'rs, 349 So.2d 622, 627 (Fla. 1977). See also Bould v. Touchette, 349 So.2d 1181, 1184 (Fla. 1977). As noted in Note, Remittitur Practice in the Federal Courts, 76 Colum.L.Rev. 299, 307-09 (1976), this rule is most consistent with the right to trial by jury, because it intrudes least upon the jury's role.
[3] This is not to say that article I, section 22, requires comparative negligence or any other specific theory of liability. The theory of liability recognized in Florida negligence actions is a question primarily of policy, see Hoffman v. Jones, 280 So.2d 431 (Fla. 1973), circumscribed only by the requirement that the jury's role as factfinder must be preserved.
[4] Since conflict was based on the remittitur issue alone, we do not address the other issues raised in this review.
[1] This is sometimes referred to as shocking the conscience of the court.
[2] St. Pierre v. Public Gas Co., 423 So.2d 949 (Fla. 3d DCA 1982), also offers scant authority for the proposition at issue. St. Pierre is one of the conflict cases on which we base our jurisdiction.
[3] It should be noted that the legislature has subsequently addressed remittitur and additur, thus giving these devices a statutory basis. Ch. 86-160, § 53, Laws of Fla. (codified at § 768.74, Fla. Stat. (1987)).