649 So.2d 264 (1994)
VETERANS AUTO SALES AND LEASING COMPANY, INC., Appellant,
v.
Jenny POOLE, A Personal Representative of the Estate of Rebecca Ann Pritchard, Deceased, Appellee.
No. 93-1839.
District Court of Appeal of Florida, Fifth District.
December 30, 1994.
Rehearing Denied January 30, 1995.
*265 David C. Beers of Beers, Jack, Tudhope & Wyatt, P.A., Maitland, for appellant.
Michael S. Herring of Michael S. Herring, P.A., Sanford, for appellee.
PETERSON, Judge.
The primary issue in this appeal is whether the trial court exceeded its authority by granting a motion for additur made by Jenny Poole, as personal representative of the Estate of Rebecca Ann Pritchard, deceased.
The decedent was killed while a passenger on a motorcycle that collided with an automobile titled in the name of Veterans Auto Sales and Leasing, Inc. The personal representative sought damages for the decedent's three children who, for various reasons, had not resided with their mother for significant periods of time. That factor, and the relationship between the decedent and her children, became an important feature of the trial. The jury's total award was $98,042.76, an award that favored Veterans' suggestion in closing arguments of an award of approximately $100,000 rather than the personal representative's suggestion of $1.1 million.
The trial court granted the personal representative's motion for additur by tripling the $80,000 awarded by the jury for pain and suffering. Veterans was given the option to try anew only the issue of damages if it declined to pay the additional award.
Two statutes must be considered in determining whether the trial court properly exercised its discretionary authority to triple the jury's award. Section 768.043, enacted in 1977, provides for remittitur and additur in actions arising out of the operation of motor vehicles. Section 768.74, part of the Tort Reform Act of 1986, provides for remittitur and additur in any case where the trier of fact finds liability exists on the part of the defendant and a verdict is rendered awarding money damages to the plaintiff. This latter *266 statute tracks nearly all of the language of section 768.043. Section 768.74, however, appears to give the trial court more discretion in altering a jury verdict. Section 768.043 allows alteration of awards which the trial court finds to be "clearly excessive or inadequate in light of the facts and circumstances presented." Section 768.74 allows alteration where the court simply finds "that the amount awarded is excessive or inadequate." Both statutes list several criteria for consideration when evaluating whether an award is excessive or inadequate. These factors include:
(a) whether the amount awarded is indicative of prejudice, passion or corruption on the part of the trier of fact;
(b) whether it clearly appears (the new section 768.74 eliminates the word "clearly") that the trier of fact ignored the evidence in reaching the verdict or misconceived the merits of the case relating to the amount of damages recoverable;
(c) whether the amount awarded is supported by the evidence such that it could be adduced in a logical manner by reasonable persons.
In the instant case the evidence reflects that the decedent bore three children in two unsuccessful marriages and that the children lived out of state with their fathers. Neither communication nor visitation between the mother and children was frequent or extended. Employment obligations did not appear to interfere with communication, although financial restraints may have been a factor. The personal representative introduced a videotape of a clinical psychologist who testified that the death had a significant effect on the children and that extensive and expensive psychotherapy was needed. A private school was recommended for one child. The jury had the opportunity to compare that testimony with that of the children.
In view of the limited contacts the children had with their mother, the jury's ability to observe the children's demeanor, and the arguments of counsel as to the value to be placed on the pain and suffering of the children, it does not appear that the jury ignored the evidence in reaching the verdict or misconceived the merits of the case relating to the damages. Neither does the award appear to be the product of corruption or passion. While the trial court disagreed with the damages awarded by the jury and while we may agree that the award was unquestionably a low one, the award is nonetheless supported by the evidence and could be adduced in a logical manner by reasonable persons.
The second district had the task of considering the appropriateness of a remittitur order in Hawk v. Seaboard System R.R., Inc., 547 So.2d 669 (Fla. 2d DCA), rev. dis'm, 549 So.2d 1014 (Fla. 1989). The trial court ordered remittitur in a case involving a large monetary verdict for the loss of children in an auto-train accident. The district court reinstated the jury verdict. Although Hawk involved remittitur, the comments, citations and reasoning in that opinion together with that of Judge Altenbernd's concurring opinion are just as appropriate in this case involving additur. The majority opinion quoted the rule set forth by the supreme court in Bould v. Touchette, 349 So.2d 1181, 1184 (Fla. 1977); Hawk at 672. Like Hawk, Bould was a case in which the appellant thought the damages were excessive, but the concept is also appropriate in this additur case. We find that the award in the instant case for pain and suffering was not "so inordinately [small] as obviously to [be below] the [minimum] of a reasonable range within which the jury may properly operate." Bould at 1184-85. While section 768.74 may give slightly greater discretion to the trial court to alter a jury verdict than that which existed previously, we find it was an abuse of discretion to alter the pain and suffering award even under section 768.74.
The trial court, however, correctly granted additur for the requested increase in support for the two younger children and for $10,599 for medical expenses. The jury had deducted $10,599 from its award for medical and funeral expenses because a credit was allowed on the decedent's hospital bill for removal of the decedent's organs. Section 768.21(6)(b), Florida Statutes (1993) allows the personal representative to recover medical or funeral expenses due to a decedent's injury or death. The personal representative *267 is entitled to the gross amount of the hospital bill paid by or on behalf of the decedent without deduction for the post-mortem payment given because the decedent's organs were removed for the use of others. The decedent's estate should not be penalized for this gesture and the removal of the organs may be looked upon as a payment in kind to the extent of their value.
We therefore affirm the additur order as it relates to the support and medical expense award but reverse that portion of the additur affecting the pain and suffering awards. Additionally, we join in certifying to the supreme court the matter set forth in Judge Harris' concurring opinion.
ORDER VACATED; CAUSE REMANDED.
DIAMANTIS, J., concurs.
HARRIS, C.J., concurs and concurs specially, with opinion.
HARRIS, Chief Judge, concurring specially:
I concur with the majority opinion[1] but with some reservation and with a suggestion that this matter be certified to the supreme court.
The majority opinion is based on section 768.74(5)(e), Florida Statutes (1993), which requires that the jury's decision be upheld if it is "supported by the evidence and could be adduced in a logical manner by reasonable persons." The focus of this standard of review is on the jury's action.
However, in a case in which a new trial is granted unless the affected party agrees to a remittitur or additur, this standard of review may be inappropriate. In Baptist Memorial Hospital, Inc. v. Bell, 384 So.2d 145, 146 (Fla. 1980), the supreme court, in reversing the district court and reinstating the trial court's grant of a new trial, stated:
The discretionary power to grant or deny a motion for new trial is given to the trial judge because of his direct and superior vantage point. In accordance with Wackenhut [Wackenhut Corp. v. Canty, 359 So.2d 430 (Fla. 1978)], the judge must give express reasons which will support his finding that the verdict is either against the manifest weight of the evidence or was influenced by consideration of matters outside the record... .
In reviewing this type of discretionary act of the trial court, the appellate court should apply the reasonableness test to determine whether the trial judge abused his discretion. If reasonable men could differ as to the propriety of the action taken by the trial court, then the action is not unreasonable and there can be no finding of an abuse of discretion. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980).
This standard clearly transfers the focus from the jury's determination to the trial court's discretion.
In Baptist Memorial, the trial court, instead of granting the requested remittitur, merely granted a new trial. Would the standard of review be any different, however, if the court had instead ordered a remittitur of $200,000 or a new trial? Since the court refused to order a remittitur to cure the "excessive award," one might argue that it was not the amount of the award as much as the jury misconduct (considering matters outside the record) or trial error ("golden rule" argument) that prompted the order requiring a new trial. Because of the many problems with the verdict in Baptist Memorial, it is not clear that the court intended to require the Canakaris standard in reviewing orders for new trials when the only issue is whether the amount of the jury award is contrary to the manifest weight of the evidence. Any confusion in this regard, however, was cleared up in Arab Termite and Pest Control of Fla., Inc. v. Jenkins, 409 So.2d 1039 (Fla. 1982), in which the court stated, in reversing the district court's override of a trial court's order of remittitur or new trial, "Therefore, the district court did not determine whether the trial court's decision was affirmatively supported by the record ..." (Emphasis added). Jenkins, 409 So.2d at *268 1043. This means that, in a case in which the trial court grants a remittitur or an additur, if a reasonable person could agree with the trial court (regardless of how many reasonable persons might agree with the jury), the court is free to disregard the jury. By merely changing the focus of the standard of review from the jury's verdict to the trial court's discretion, the jury verdict has been reduced to an advisory opinion.
The effect of this shift of focus is dramatically pointed out in the opinion after remand in Jenkins v. Arab Termite and Pest Control of Florida, Inc., 422 So.2d 922, 923 (Fla. 2d DCA 1982), rev. denied, 434 So.2d 887 (Fla. 1983), a case in which the trial court had ordered a new trial unless plaintiff would accept a remittitur:
On remand, we have considered the briefs and oral argument of the parties on this issue and have reviewed the record. Although not stated in the supreme court's opinion quashing our decision [a decision that focused on the "province of the jury"], we consider our duty of review to be a determination whether the trial judge abused his discretion... .
Applying the reasonableness test in this case, it is our opinion that reasonable men could differ on the question whether the manifest weight of the evidence showed that the amount of punitive damages assessed was out of all reasonable proportion to the malice, outrage, or wantonness of the tortious conduct of the appellee. Accordingly, we find no abuse of discretion and affirm.
Therefore, even though the Jenkins court, on remand, found that a reasonable person could find that the jury verdict was supported by the record, because of the change of focus, the jury verdict was subordinate to the discretion of the trial judge because a reasonable person could also agree with the trial judge.
Since evidence is often conflicting, reasonable people may differ on the propriety of a jury verdict. However, if the trial judge is among those who believe the verdict to be either excessive or inadequate, a Canakaris standard of review will permit the verdict to be set aside. This seems inconsistent with the spirit, if not the letter, of Article I, section 22, Constitution of the State of Florida:
The right of trial by jury shall be secure to all and remain inviolate.
This concern was expressed also by the court in Hawk v. Seaboard System R.R., Inc., 547 So.2d 669 (Fla. 2d DCA), rev. dismissed, 549 So.2d 1014 (Fla. 1989), in which it reversed the trial court's order of remittitur:
Where the evidence is conflicting, the weight to be given to that evidence is in the province of the jury and, as the fourth district noted in Perenic [Perenic v. Castelli, 353 So.2d 1190 (Fla. 4th DCA 1977), cert. denied, 359 So.2d 1211 (1978)], "to allow the court to invade this province of the jury would violate the right to a jury trial." 353 So.2d at 1192.
There, of course, needs to be a remedy against a "runaway" jury. It is the role of the court to correct an unjust jury award but such correction should be in a manner most consistent with preserving the integrity of a jury trial.
In Rowlands v. Signal Const. Co., 549 So.2d 1380 (Fla. 1989), the supreme court addressed an issue involving the court's authority to order remittitur and adopted the "maximum recovery rule" which is a standard that is consistent with our constitutional guarantee to a trial by jury. Basically, that rule permits the trial court to order "a remittitur that reduces the award by subtraction to the maximum recovery supported by the evidence." Rowlands, 549 So.2d at 1382. If the jury award is found to be too low, one would expect also a "minimum recovery rule" which would permit an increase in the award by addition to the minimum recovery supported by the evidence. Although Rowlands does not expressly indicate how we are to determine the maximum (or minimum) recovery supported by the evidence (whether trial judge discretion or appellate review of the record), the opinion does contain some clues. One, it indicates that the rule was adopted because "it intrudes least on the jury's role." Rowlands at 382, n. 2. Two, the entire court (including the dissenter) agreed that a remittitur is not a device for the trial court to *269 substitute its opinion for that of the jury on the amount of damages.
This language suggests that proper appellate review should focus on the record to see if the jury awarded more (or less) than the evidence supports. This would require a determination of the maximum and minimum amount that can be supported by the record. If the jury award is within that range, it should be sustained. If, on the other hand, no reasonable person could agree that the amount of the verdict is within the range supported by the record, then the trial court's order of a remittitur or additur (or new trial if not acceptable to the affected party) should be upheld. This interpretation of Rowlands, however, might be contrary to the principle announced in Baptist Memorial.
It is not clear, at least to me, exactly what discretion a judge has in granting a new trial based solely on whether the manifest weight of the evidence supports the amount of the jury award. It appears under Rowlands and under section 768.74 that it is the court's responsibility, upon motion, to review the record to see if the amount of the award is supported by the evidence. If it is not, the court shall order an additur or a remittitur. Is it a matter of discretion as to whether the award is supported by the evidence? If the issue before us is whether, in fact, the jury award is supported by the record, then it appears to be more an issue of law within our authority to review than an issue of discretion in which we must defer to the trial court. Are we not in at least as good a position to determine what the record will support (since we have the entire transcribed record at our disposal) as the trial judge who must rely on his or her notes and memory? If the answer is that the trial judge has the superior position because he or she was there and may better judge the credibility of a witness and, therefore, believe a witness the jury disbelieved or disbelieve a witness the jury believed, has not the judge been elevated to the role of a super juror and become the ultimate fact finder even in a jury trial?
The concept of permitting a trial judge, by statute, to override a jury verdict based on the judge's view of the evidence is especially troubling in light of Florida's strong (constitutional) policy on jury trials. Section 768.74, Florida Statutes, sets out criteria for the judge to use in deciding whether or not to grant a new trial in lieu of a remittitur or an additur. All of the first four listed criteria, however, seem to be absorbed in the final one:
Whether the amount awarded is supported by the evidence and is such that it could be adduced in a logical manner by reasonable persons.
Even this criterion focuses on the jury's verdict. Could a reasonable person find that the amount of the verdict is supported by the record? This indicates that the legislature, in the final analysis, intended that if the jury's verdict is supported by the record, then the trial judge should not interfere with it  regardless of the judge's independent opinion as to the amount of damages and even if a reasonable person might agree with the judge. However, because of the language in Baptist Memorial, I would certify the following question.
IF SECTION 768.74 PERMITS A TRIAL JUDGE TO ORDER A NEW TRIAL UNLESS THE AFFECTED PARTY AGREES TO ACCEPT A REMITTITUR OR ADDITUR WHEN A REASONABLE PERSON COULD AGREE THAT THE RECORD SUPPORTS THE JURY DECISION (ASSUMING NO TRIAL ERROR OR JURY MISCONDUCT), DOES THIS SECTION VIOLATE ARTICLE I, SECTION 22, CONSTITUTION OF THE STATE OF FLORIDA?
I recognize that in Smith v. Department of Ins., 507 So.2d 1080 (Fla. 1987), the supreme court upheld the constitutionality of section 768.74 against a challenge that it violated the separation of powers provision of our constitution. It did not, however, address the current issue.
In Smith v. Brown, 525 So.2d 868, 870 (Fla. 1988), the supreme court held that the trial court may grant a new trial when the verdict is contrary to the manifest weight of the evidence. The court stated:
The trial judge should only intervene when the manifest weight of the evidence dictates *270 such action. However, when a new trial is ordered, the abuse of discretion test becomes applicable on appellate review. The mere showing that there was evidence in the record to support the jury verdict does not demonstrate an abuse of discretion. (Emphasis theirs).
Smith, 525 So.2d at 870.
It is clear that proper judicial review under Baptist Memorial and Smith requires that we focus not on the reasonableness of the jury verdict in light of the record but rather on the reasonableness of the trial court's discretion. But the supreme court in Smith did not, at least expressly, consider the effect that this shift in focus has on Article I, section 22 of our constitution. Constitutional purists might argue that to set aside a jury verdict, untainted by trial error or jury misconduct and within the range established by the record, even if a new trial is ordered, is not holding the right to a jury trial "inviolate."
NOTES
[1] Regardless of the standard of review applicable to this case, the trial court, as was the case in Hawk v. Seaboard System R.R., Inc., 547 So.2d 669 (Fla. 2d DCA), rev. dismissed, 549 So.2d 1014 (Fla. 1989), failed to "set forth specific findings from the record" to support the additur.